(December 19, 1922.)

# ABE SODERMAN, Appellant, v. OTTO PETERSON, Respondent.

[211 Pac. 448.]

SUMMONS—SERVICE—COMPUTATION OF TIME—STATUTES, CONSTRUCTION OF—NONAPPEALABLE ORDER.

    1. A summons, issued out of the probate court, served on the 3d day of December, 1919, and fixing the 5th day of December, 1919, as the time for appearance, is served within two days of the time fixed for appearance as provided by C. S., sec. 7069.

    2. An order of the district court directing the probate court to open up a default and set aside a judgment entered thereon is a nonappealable order under the provisions of C. S., sec. 7152.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. O. R. Baum, Judge.

Appeal from order of District Court setting aside default. *Dismissed.*

R. J. Dygert, for Appellant.

The court erred in concluding as a matter of law that service of summons on the 3d returnable on the 5th was not two days' service as required by statute. (C. S., sec. 9451; *Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499; Id., 27 Ida. 400, 149 Pac. 505; *Schultz v. Hine,* 39 Kan. 334, 18 Pac. 221; *Foster v. Markland,* 37 Kan. 32, 14 Pac. 452.)

N. E. Snell, for Respondent, files no brief.

BUDGE, J.—The complaint in this action was filed in the probate court of Caribou county and thereafter summons was issued. The time for appearance fixed by the summons was December 5, 1919. Service of summons was had upon respondent within the county on December 3, 1919. On December 5, 1919, on the failure of respondent to enter his appearance, default was entered and judgment awarded in

favor of appellant. Thereafter a motion was made by respondent to open the default and set aside the judgment for the reason that the service of summons was not made as provided by C. S., sec. 7069. From the order denying this motion an appeal was taken to the district court. Upon hearing had in that court the order of the probate court refusing to open the default and vacate the judgment was reversed and the cause remanded for further proceedings in the probate court. From the latter order this appeal is prosecuted.

The only question involved upon this appeal is: Was the summons served within two days of the time fixed for the appearance of defendant?

C. S., sec. 7069, provides as follows: ". . . . When the defendant resides in the county, the summons cannot be served within two days of the time fixed for the appearance of the defendant. . . . . "

The defendant was served in Caribou county on December 3, 1919, and the time fixed for appearance was December 5, 1919. In computing the time, the day on which the service was made must be excluded. (C. S., sec. 9451, *Seawell v. Gifford,* 22 Ida. 295, Ann. Cas. 1914A, 1132, 125 Pac. 182; *Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499; Id., 27 Ida. 400, 149 Pac. 505.) Since the summons, under the provisions of C. S., sec. 7069, *supra,* cannot be served within two days of the time fixed for the appearance of defendant, by excluding the first day, there were but two days remaining. This being true, sufficient time had not elapsed between the time of service and the time fixed for defendant's appearance. The action of the probate court in entering respondent's default and awarding judgment was erroneous.

An examination of the record, however, discloses that this appeal is from a minute entry or order made at chambers. No judgment appears in the record. In the case of *Omaha Structural Steel Works v. Lemon,* 30 Ida. 363, 164 Pac. 1011, it is held that: ". . . . an order made by the district court setting aside a default entered by the clerk . . . . under the

provisions of subd. 1, sec. 4360, Rev. Codes (C. S., sec. 6832) .... is not an appealable order under the provisions of sec. 4807,. Rev. Codes (C. S., sec. 7152).'' While no motion to dismiss the appeal was made, the right of this court to entertain the appeal is jurisdictional.

Upon the authority of the case last above cited this appeal should be dismissed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and Dunn, J., concur.