BOISE CITY, a Municipal Corporation, Plaintiff and Respondent, v. CHARLES F. BAXTER and KITTY E. BAXTER, Defendants and Appellants.

[238 Pac. 1029.]

CONSTITUTIONAL LAW—UNITY OF SUBJECT AND TITLE—WHEN AN ACT IS SINGLE—WHAT IT MAY CONTAIN—WHEN A LAW MAY BE MADE A PART OF ANOTHER BY ADOPTION—COMMISSION FORM OF GOVERNMENT—CITIES AND TOWNS—RIGHT OF EMINENT DOMAIN—OF ANNEXATION.

1. C. S., chap. 173, title 32, secs. 4172 to 4312, inclusive, entitled "Commission Form of Government," Sess. L. 1911, p. 280, contains but one general subject, object and purpose: that of providing for the organization and operation of cities that are

---

Publisher's Note.

1. Title of statute as embracing but one subject and what may be included thereunder, see note in 79 **Am. St.** 456.

Sufficiency of title to act authorizing commission form of government, see note in **Ann. Cas.** 1917C, 1106, 1125.

public municipal corporations within the designated class mentioned in said act.

2. Where the provisions of an act all relate directly or indirectly to the same subject, have a natural connection therewith, are not foreign to the subject expressed in the title, and are not a cover to legislation that is incongruous in itself and which by no fair intendment can be considered as having a necessary or proper connection with the general subject to which the act relates, such act is not in violation of art. 3, sec. 16 of the constitution, relating to the unity of subject and title.

3. Where an act has but one general subject, object or purpose, and all of its provisions are germane to the same subject and have a necessary connection therewith, however numerous its provisions may be, it is not multifarious and does not constitute duplicity of subjects within the meaning of art. 3, sec. 16 of the constitution.

4. While art. 3, sec. 16 of the constitution is mandatory, it should not be so construed as to embarrass legislation or make laws unnecessarily restrictive in their scope and operation, or to needlessly multiply their number. It means that all matters treated of in an act should fall under some one general idea, and be so connected with and related to each other, either logically or in popular understanding, as to be parts of one general subject.

5. An act may adopt by reference thereto, the provisions of existing statutes and make them a part of such act, and such method of legislation does not render the act duplicitous or multifarious within the meaning of art. 3, sec. 16 of the constitution, if the law thus adopted has a legitimate connection or relation to the subject of the new act and does not attempt to embrace therein, dissimilar and discordant subjects, which by no fair intendment can be considered as having a legitimate connection or relation to the subject of the act.

6. The power to exercise the right of eminent domain is a right belonging to cities and towns and one that is necessary to their growth and development. A law giving such a right is directly connected with the subject of an act that authorizes the creation and operation of cities and towns. The commission form of government act does not contain a provision therein expressly granting such power, but, since C. S., sec. 4178, provides that all general laws of the state not inconsistent with the act, shall apply to cities organized thereunder, this general law pertaining to the right of eminent domain is a right that may be exercised by cities organized under the act.

41 Idaho—24

7. Cities and towns generally possess the power of annexing additional territory, under such restrictions and limitations as the legislature may have imposed. The provisions of chap. 160, secs. 3850, 3851, and 3852, which pertain to the annexation of contiguous territory, are not inconsistent with the commission form of government act, and these provisions of the annexation law are, by C. S., sec. 4178, adopted by reference and made a part of said act.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Clinton H. Hartson, Judge.

Action by municipal corporation to condemn lands for street purposes. Judgment for plaintiff. *Affirmed.*

J. B. Eldridge, for Appellant.

The trial court erred in holding that C. S., secs. 4178, 3850, 3851, 3852 and 7404, have been constitutionally enacted and are now applicable to Boise City, and that Boise City has power and authority to annex the territory sought to be condemned, and to condemn the same, under and by virtue of said statutes. (Const., secs. 16, 17 and 18 of art. 3; *State v. Banks,* 37 Ida. 27, 215 Pac. 468; *State v. Purcell,* 39 Ida. 642, 228 Pac. 796; *Lewis v. Dunne,* 134 Cal. 291, 66 Pac. 478; *Archbold v. Huntington,* 34 Ida. 558, 201 Pac. 1041; *McDonald v. Doust,* 11 Ida. 14, 81 Pac. 60, 69 L. R. A. 220; *Christie v. Bayonne,* 48 N. J. L. 407, 5 Atl. 805; Cooley on Const. Limitations, 203–205; *Carroll v. Hartford Fire Ins. Co.,* 28 Ida. 466, 154 Pac. 985; 1 Lewis' Sutherland on Statutory Construction, 2d ed., sec. 144; *State ex. rel. Board v. Common Council of Trenton,* 53 N. J. L. 566, 22 Atl. 731; *Kessler v. Fritchman,* 21 Ida. 30, 119 Pac. 692; *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319; *Fralick v. Guyer,* 36 Ida. 648, 213 Pac. 337.)

J. J. McCue, Henry Z. Johnson, C. S. Hunter and J. P. Pope, for Respondent.

C. S., sec. 4178, is a constitutional and legal enactment. (*Kessler v. Fritchman,* 21 Ida. 30, 119 Pac. 692; *Pioneer Irr.*

*Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295, and cases cited: *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319; *Gillesby v. Board,* 17 Ida. 586, 107 Pac. 71; *Anderson v. Great Northern R. R. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 129; *Curoe v. Spokane & I. E. Ry. Co.,* 32 Ida. 643, 186 Pac. 1101; *Nampa & Meridian Irr. Dist. v. Barker,* 38 Ida. 529, 223 Pac. 529; *Culver v. People,* 161 Ill. 89, 43 N. E. 812; *People v. Crossley,* 261 Ill. 78, 103 N. E. 537; *Gaston v. Lamkin,* 115 Mo. 20, 21 S. W. 1100; 2 Lewis' Sutherland on Statutory Construction, sec. 405 and cases cited; Beal's Cardinal Rules of Legal Interpretation, pp. 377, 386; *Clements v. Hall,* 23 Ariz. 2, 201 Pac. 87, 89; *Scottish Union & National Ins. Co. v. Phoenix Title & Trust Co.* (Ariz.), 235 Pac. 137; *Ex parte Burke,* 190 Cal. 326, 212 Pac. 193.)

WILLIAM A. LEE, C. J.—This action was commenced by respondent Boise City, to condemn certain lands belonging to appellants for the construction of a highway from the city to the new Oregon Short Line passenger station, recently constructed on the bench south and beyond what has been the city limits. Respondent city is organized and operating under C. S., title 32, chap. 173, secs. 4172 to 4298, entitled "Commission Form of Government," Sess. L. 1911, chap. 82, p. 280. In April, 1912, Boise City held an election and the voters authorized the adoption of this form of city government, whereupon it organized under the act and has since exercised its corporate powers thereunder instead of under its former charter. The method of government under this act differs from the former law, under which the city operated, but this act does not intend to restrict cities adopting it from exercising the general corporate powers previously possessed.

The act continues all franchises theretofore granted and in force, all by-laws, ordinances and resolutions that had been lawfully passed and were then in force. C. S., sec. 4180, provides that the territorial limits of the city shall remain the same as under its former organization, but may

be extended or changed as provided by law; that all rights and property of every description vested in such city, shall vest under the new organization; that no rights or liabilities, in favor of or against it, and no suits or prosecutions shall be affected by such change; that such city shall be the successor of the former organization and have perpetual succession; that it shall have and exercise all powers, functions, rights and privileges, now or hereafter given it; that it shall be subject to all duties, obligations, liabilities and limitations, now or hereafter imposed by the constitution and laws, and it shall have and exercise all other powers, functions, rights and privileges usually exercised by or which are incidental to or inhere in municipal corporations of like character and degree.

C. S., sec. 4178, makes all general laws of the state pertaining to such cities and not inconsistent with the act applying to cities organized under this chapter, provided that no provision of any special charter or other special act or law, which any such city may be operating under at the time of being organized under this chapter, shall thereafter be applicable to cities under this commission form of government, while they are so operating.

The amended complaint alleges that Boise City needs a certain tract of land for the purpose of constructing and maintaining thereon, a street, within the confines and boundaries of said city, for the purpose of a roadway to and from the new Oregon Short Line depot, located in the northeast quarter of sec. 16, T. 3 N., R. 2 E., B. M., Ada county, to the 9th Street bridge in said city, and the streets leading thereto. This land sought to be taken from appellants is particularly described by metes and bounds and is shown upon a map made a part of the complaint. It is alleged that the use for which respondent seeks to have this property condemned is a public use, that is, the opening, widening, improvement and maintaining a public street for the purpose of travel thereon to and from said station to the 9th Street bridge; that respondent has sought in good faith to purchase this land from appellants and pay for the

damages resulting to the remainder of their property by the taking of this land, but has been unable to do so, and prays for general relief for the condemnation and taking of private property for public purposes.

The answer denies that the purpose for which the land is taken is one authorized by law, or that said tract is within the corporate limits of said city. It contains a somewhat extended recital relating to the extent of the injury that will be done appellants by the taking of this part of their land for highway purposes, and the interference with the use and occupation of the remainder that will greatly impair its value. This consideration would go only to the extent of the damages and would not offer any reason against the city's right to condemn.

By way of an affirmative defense, it is alleged that the land sought to be condemned lies entirely outside the corporate limits of the city; that the city is without authority to condemn this land or to maintain this action; that by ordinance the city has sought to annex appellants' entire tract but, because no part of it had ever been subdivided into blocks of more than five acres and had never been platted, the city is without authority to annex the same and this attempted annexation is void.

As a further affirmative defense, appellants allege that respondent relies, for its authority to condemn, upon C. S., sec. 4178, the section that refers to and adopts as a part of the act all the general laws of the state relating to municipal corporations, among which are C. S., secs. 3850 to 3852, the general annexation provisions found in the charters of cities of the second class, and C. S., secs. 7404 to 7423, which are the general provisions of law that relate to the right to exercise the power of eminent domain. It is alleged that C. S., sec. 4178, of the act, is void, because it attempts to adopt and make a part of this act these provisions of the statute, it being claimed that this is in violation of art. 3, secs. 16, 17 and 18 of the constitution.

The record brings up only the judgment-roll and, therefore, only questions of law are presented for determination

upon this appeal. The court made findings, conclusions and entered a judgment for respondent city, sustaining its authority to condemn the land in question and take the same for the purpose of constructing the highway described in the pleadings, from which judgment this appeal is taken. Counsel for appellants states the question to be determined as follows:

"The only question to be decided by the court is whether or not the laws complained of have been constitutionally enacted and are now applicable to Boise City; the contentions of the defendants being that the enactment of what is known as the Black Law, including all acts pretended to have been adopted by reference, are unconstitutional for the reason that they embrace numerous subjects in the one enactment. In fact, the entire Black Law is void. Two constitutional provisions have been violated:

"1. That the act embraces numerous subjects.

"2. That the adoption of said acts was by reference and not published in full as the law requires."

Appellants contend that the attempt of the legislature to adopt and make a part of the commission form of government act all general laws of the state pertaining to cities of this class, as C. S., sec. 4178, of the act purports to do, is in contravention of art. 3, secs. 16, 17 and 18 of the constitution.

Sec. 16 reads:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

The decisions of this court upon which appellants' counsel seems to place his chief reliance are: *State v. Banks,* 37 Ida. 27, 215 Pac. 468; *State v. Purcell,* 39 Ida. 642, 228 Pac. 796; *Archbold v. Huntington,* 34 Ida. 558, 201 Pac. 1041; *McDonald v. Doust,* 11 Ida. 14, 81 Pac. 60, 69 L. R. A. 220.

In the last two mentioned cases, the question here presented was not before the court. We think this may also be said with regard to the Purcell case; the point there being considered was, where there is a conflict between an act as it was passed by the legislature and as it appears in a revision or codification of the entire body of the law, which shall prevail, and it was held that the act as originally passed would govern.

In *State v. Banks,* 37 Ida. 27, 215 Pac. 468, the majority opinion says that the "negotiation and sale of general fund treasury notes" and the "negotiation and sale of refunding bonds" are two separate and distinct subjects, neither of which is properly connected with the other, and the act in question was held void as being in contravention of said sec. 16. Whatever may be said as to the application of the constitutional provision to the act under consideration in that case, the opinion cites with approval, *Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295, wherein the title of an act was held to contain but one general subject, although it amended a number of sections of the statute, provided for the organization of irrigation districts, for a state engineer, defined his duties and regulated his compensation, for the acceptance by the state from the United States of certain lands, provided for their reclamation, occupation and disposal, and for the acquisition of rights of way for the construction of canals and other irrigation works. It seems clear, therefore, that the Banks case, when considered in the light of approving the Pioneer Irr. Dist. case, is not an authority in support of the "unity of subject and title" required by sec. 16, in the restricted sense that appellants seek to apply it.

In *Pioneer Irr. Dist. v. Bradley, supra,* it is stated that if the title of an act indicates and the act itself actually embraces two or more subjects diverse in their nature, that have no necessary connection, such act is unconstitutional and void. However, in the further discussion of the question, the court states the correct principle of law applicable to this class of cases and makes it clear that a single act may

embrace many subjects and not be duplicitous, if they' pertain to matters that are properly connected with the subject of the act. It is said that if the provisions of an act all relate directly or indirectly to the same subject, having a natural connection therewith and are not foreign to the subject expressed in the title, they may be united in one act; that however numerous the provisions of an act may be, if they can be by fair intendment considered as falling within the subject matter legislated upon in such act or necessary as ends and means to the attainment of such subject, the act will not be in conflict with this constitutional provision; that if an act has but one general subject, object or purpose, and all of its provisions are germane to the general subject and have a necessary connection therewith, it is not in violation of this constitutional provision; that said provision was not intended to prevent the incorporation into a single act of the entire statutory law upon one general subject. We think this is a correct exposition of the purpose, meaning and rules for the application of this constitutional provision.

The *Pioneer Irr. Dist. v. Bradley case, supra,* was ably presented; the opinions and briefs give most of the authorities upon this question at the time it was decided and these citations will not be repeated. Attention will be called to the case of *Johnson v. Harrison,* 47 Minn. 575, 28 Am. St. 382, 50 N. W. 923, for the reason that the discussion of the principles involved are stated with great clearness and also because the act under consideration aptly illustrates what is meant by "one subject." In the Johnson case the act was, "An act to establish a Probate Code," and it was held not to be obnoxious to the provision that "no law shall embrace more than one subject, which shall be expressed in the title." The court, in the course of its reasoning, said that while this provision is mandatory, yet it is to be given a liberal and not a strict construction. It is not intended nor should it be so construed as to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, or by multiplying their number, or by preventing the legislature

from embracing in one act all matters properly connected with one general subject. The term ''subject,'' as used in the constitution, is to be given a broad and extended meaning so as to allow the legislature full scope to include in one act all matter having a logical or natural connection. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. All that is necessary is that the act shall embrace some one general idea, and its parts be so connected with and relate to each other, either logically or in popular understanding, as to be parts of and germane to one general subject.

It is next contended that to adopt as a part of the commission form of government act, C. S., chap. 270, secs. 7404 to 7423, the general eminent domain act, by the reference in C. S., sec. 4178, to all general laws of the state pertaining to cities, and make such laws a part of the commission form of government act, is prohibited by the constitution, because it renders such act duplicitous and destroys the unity of subject and title; that it is in violation of sec. 18 of said article, which provides that no act shall be revised or amended by mere reference to its title. It is argued that because there is no provision in the act itself directly or by necessary implication, granting to the city the power of eminent domain, it is therefore without power to condemn appellants' land. Incorporated cities, villages and towns do have the right of eminent domain under the general law, C. S., title 56, secs. 7404 to 7423. It cannot, therefore, be said that conferring upon cities, organized under this act, the right of eminent domain, would be including in such act a subject not properly connected with the act. This subject has a natural connection with any law relating to or purporting to express and define the power of a municipality of this character.

*Nampa & Meridian Irr. Dist. v. Barker,* 38 Ida. 529, 223 Pac. 529, expressly recognizes the authority of the legislature to adopt by reference thereto, the provisions of an

existing statute and make it a part of an act. This case quotes with approval sec. 405, Lewis' Sutherland on Statutory Construction, wherein it is said that where one statute adopts the particular provisions of another by specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute.

In *Culver v. People ex rel.*, 161 Ill. 89, at page 814, 43 N. E. 812, it is held that:

"Where, however, the adopting statute makes no reference to any particular act, by its title or otherwise, but refers to the general law regulating the subject in hand, the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law in force when action is taken or proceedings are resorted to."

In *Gaston v. Lamkin*, 115 Mo. 20, 21 S. W. 1100, the rule of adopting other statutes by reference is thus stated:

"But when the subsequent statute, being a general one, does not refer specifically to a former statute for the rule of procedure to be followed, but generally to the established law, by some expression as 'the same as is provided by law' in given cases, then the act becomes a rule for future conduct to be found when needed by reference to the law governing such cases at the time when the rule is invoked."

See, also, the following cases that hold a general law may be made a part of another law by reference thereto: *Jones v. Dexter*, 8 Fla. 276; *Newman v. City of North Yakima*, 7 Wash. 220, 34 Pac. 921; *Clements v. Hall*, 23 Ariz. 2, 201 Pac. 87; *Kugler's Appeal*, 55 Pa. St. 123.

It is urged that C. S., sec. 4178, which attempts to adopt other laws of the state by reference thereto, violates the constitution in two particulars: That it destroys the unity of subject and title required by art. 3, sec. 16, and is also in violation of sec. 18 of the same article, which provides that no act shall be revised or amended by merely referring to its title, but the section as amended shall be set forth and published at full length. This point does not appear to

have been urged in *Nampa & Meridian Irr. Dist. v. Barker, supra,* wherein this method of legislation is approved. It was urged in many of the foregoing cases where the states had similar constitutional provisions, except Florida, that case being decided before the adoption of the constitution of 1885. Its present constitution contains this provision. (Art. 3, sec. 16, Kettleborough's "State Constitutions," p. 286.) Likewise the Illinois constitution, art. 4, sec. 13, Id., p. 385; Missouri, art. 4, sec. 28, Id., p. 780; Pennsylvania, art. 3, sec. 3, Id., p. 1178; Washington, art. 2, sec. 19, Id., p. 1446; Arizona, art. 4, sec. 13, Id., p. 61.

The same reasons are urged against making C. S., secs. 3850 to 3852, a part of the act by reference. These sections contain the general provisions for the annexation of contiguous or adjacent territory to a city, town or village, and are a part of title 32, chap. 160, entitled "Cities of the Second Class." Therefore, cities, towns and villages have the power to annex additional territory under the conditions, restrictions and limitations which the legislature has imposed. Without having such power, a city or town would be unable to develop or expand beyond its original boundaries, therefore, these general provisions, with reference to the annexation of additional territory, are matters directly related to the subject matter of a general act that provides for the organization, existence and operation of a city or town. These annexation provisions are not inconsistent with the commission form of government act, but relate directly to the subject of such act and are properly a part of it.

We conclude that the right of eminent domain, and also the right of annexing additional territory, are matters properly connected with the subject of an act passed for the purposes of creating and governing a city or town, as a municipal corporation; that they have a natural and proper connection with the subject of such an act and are germane to its general purpose; that such provisions may be adopted by reference thereto, and when this is done, they become a part of such general act; that so doing does not render such act multifarious or constitute duplicity of subjects, within

the meaning of art. 3, sec. 16 of the constitution, nor is it in contravention of sec. 18 of this article.

We think this determines all of the questions presented by the record on this appeal. It necessarily results in holding that the commission form of government act is valid; that cities operating under it have the right of eminent domain and the power to annex contiguous territory, within the limitations and under the restrictions of these respective provisions of the statutes that have been considered.

The judgment of the court below, in sustaining the law as here construed, is affirmed, with costs of this appeal to respondent.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.