(No. 5673.   September 21, 1931.)

J. T. JOHNSON, Respondent, v. J. A. BARRETT AUTO COMPANY, a Corporation, and E. F. PRATER, Sheriff, Twin Falls County, Idaho, Appellants.

[4 Pac. (2d) 344.]

O. P. Duvall and Frank L. Stephan, for Appellants.

O. C. Hall, for Respondent.

GIVENS, J.—Respondent sued in the district court seeking, so far as material to a decision of this case, to restrain the enforcement of a judgment previously rendered in probate court against respondent in favor of the appellant auto company, on the ground that the probate court had rendered said judgment without complying with sec. 5, chap. 113, 1927 Sess. Laws, which provides that in probate or justice court, five days' notice of the setting of the case must be given to the parties or their attorneys.

Respondent attached to, and made part of his complaint herein, the probate court docket, which shows with respect to the point at issue as follows:

"On this 13th day of February, 1928. Case set for trial for Friday, February 17th, 1928, at 10 o'clock A. M. and all parties duly notified."

While ambiguous, it thus appears, and appellants do not claim otherwise, that the setting of the case was made, and notice thereof given, not earlier than February 13th. At the most, therefore, but four days' notice was given, since under C. S., sec. 9451, the first day is excluded, and the last day included, which would make but four days' notice. (*Empire Mill Co. v. District Court*, 27 Ida. 383, 149 Pac. 499; *Soderman v. Peterson*, 36 Ida. 414, 211 Pac. 448.)

Appellants contend that the complaint was fatally defective because it did not plead facts showing a meritorious defense, citing *Bernhard v. Idaho Bank & Trust Co.*, 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481. The gist of that decision pertinent herein was as follows:

"If a judgment is void upon its face, it is subject to collateral attack and may be attacked whenever and wherever it is brought into the question; but if it is not void upon its face, an entirely different question is presented, and then a meritorious defense must be set up in such action."

■ California has held that section 850, Code of Civil Procedure, identical with sec. 5, chap. 113, 1927 Sess. Laws, *supra*, is essential to the authority of the justice or probate courts to proceed with the trial of the case. (*Elder v. Justice Court of Third Tp.*, 136 Cal. 364, 68 Pac. 1022; *Green v. Rogers*, 18 Cal. App. 572, 123 Pac. 974.)

■■ It thus appears on the face of the probate court judgment and docket that the judgment was void, and respondent's complaint was sufficient.

Despite appellant's contention to the contrary, the title of chapter 113 was sufficiently broad to cover the entire subject matter of the act, which is therefore not unconstitutional. (*Boise City v. Baxter*, 41 Ida. 368, at 375, 376, 238 Pac. 1029.)

Judgment affirmed; costs awarded to respondent.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.