(No. 6186. November 22, 1934.)

FIRST SECURITY BANK OF IDAHO, a Corporation, and FIRST SECURITY BANK OF ASHTON, a Corporation, Respondents, v. FREMONT COUNTY, W. R. HUMPHRIES, Assessor and Tax Collector of Said County, and JAMES A. FREDERICKSON, Sheriff of Said County, Appellants.

[37 Pac. (2d) 1101.]

Bert H. Miller, Attorney General, Ariel L. Crowley, Assistant Attorney General, and Ralph Litton, Prosecuting Attorney of Fremont County, for Appellants.

Dean Driscoll and Chase A. Clark, for Respondents.

MORGAN, J. — Respondents are banking corporations organized and existing under and by virtue of the laws of

Idaho. On the second Monday of January, 1933, respondent, First Security Bank of Ashton, was, and for some time prior thereto had been, engaged in banking at Ashton in Fremont County, having a capital stock of the par value of $25,000, divided into shares of $100 each, which were paid up, issued and outstanding. It continued to conduct said business until November 27, 1933, when it sold its property and assets to respondent, First Security Bank of Idaho, which assumed and agreed to pay its liabilities. July 8, 1933, appellant, Humphries, assessor and tax collector of Fremont County, assessed the capital stock of First Security Bank of Ashton and entered it for taxation for the year 1933 on the personal property roll.

This suit was commenced by respondents to prevent the collection of the tax. Appellants answered the complaint and filed a cross-complaint which was answered by respondents. The pleadings were so framed that only issues of law were presented and motions were made by both parties for judgment on the pleadings. The motion of plaintiffs and cross-defendants was granted and that of defendants and cross-complainants was denied. A decree was entered dismissing the cross-complaint and enjoining the collection of the tax. This appeal is from the decree.

I. C. A., Title 61, Chap. 14 (secs. 61–1401 to 61–1407, incl.), prior to the 1933 legislative session, provided for the assessment of bank stock. Sec. 61–1401 contains the following:

"The shares of capital stock of any bank, existing by authority of the United States or of this state and located within this state, or of any building and loan association, trust company or surety and fidelity company organized under the laws of this state and doing business within this state, shall be assessed for taxation where such bank, company, association or other corporation is located and not elsewhere, as in the same manner and upon the same basis of actual value, and uniformly with all other property assessed in the county in which such shares of capital stock are assessed, said value to be determined as of the second

Monday of January in each year at twelve o'clock meridian; . . . . ''

Sec. 61–1403 provides that the shares of capital stock shall be assessed in the name of the owner thereof and entered on the personal property assessment roll under the name of the bank, company, association or other corporation. Sec. 61–1406 provides that all taxes levied on such shares shall be collected by the assessor ''and paid by such bank, company, association or other corporation prior to the fourth Monday of December in the year such taxes are levied, and such bank, company, association or other corporation shall be liable therefor. If such tax is not paid upon demand by the assessor, the taxes, with interest thereon at the rate of eighteen per cent per annum from the time of such demand, together with a reasonable attorney's fee, may be recovered as in a civil action brought by the assessor.'' Sec. 61–1407 makes the owners of the shares liable to the company, association or corporation for the taxes so paid.

The 1933 session of the legislature (1933 Sess. Laws, Chap. 159, p. 239) amended certain sections of I. C. A., Title 61, Chap. 24, being the income tax law, and caused sec. 61–2402 thereof to provide that ''the term 'corporation' includes associations, joint stock companies, insurance companies, trust companies, state and national banks, common law trusts, and associations of whatsoever kind organized or conducted for pecuniary profit, unless otherwise expressly provided in this chapter.'' It also caused sec. 61–2425 to provide:

''A tax shall be levied, assessed, collected, and paid for each taxable year upon:

''a. All corporations as defined in this chapter, except as herein otherwise expressly provided, for the privilege of carrying on and doing business within this state, in addition to license taxes levied under any law of this state and taxes levied upon the real and personal property of such corpora- tions;

"b. All national banking associations doing business in this state pursuant to the authority conferred by Section 548 of Title 12 of the Code of Laws of the United States, formerly Section 5219 of the United States Revised Statutes as amended, and in conformity with the provisions contained in subdivision c of clause 1 of said section, and the state hereby adopts the method for taxing national banking associations numbered 4 in the first paragraph of said Section 548.

"1. That the tax so imposed, levied and assessed upon corporations and national banking associations shall be in addition to any license tax now or hereafter authorized by law, and taxes authorized to be levied upon the real or personal property of such corporations and national banking associations, but it shall be in lieu of any tax on the shares of stock of such corporations and national banking associations."

Sec. 21 of the act made the amendments applicable to 1933 and succeeding years.

The ultimate question to be decided in this case is: Does the 1933 amendment exempt state banking corporations from payment of capital stock tax?

It was clearly the intention of the legislature by expressly including state banks within the meaning of the term "corporation", as used in the income tax law, and by enacting that the income tax provided to be paid by corporations "shall be in lieu of any tax on the shares of stock of such corporations," to exempt such shares from taxation.

Appellants insist the shareholders, not the banks, are the real parties in interest and that this action cannot be prosecuted by respondents. They rely on I. C. A., sec. 5–301, which is: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this code."

The statute providing for taxing shares of capital stock requires the corporation to pay the tax and, while it may look to the shareholders for reimbursement, if the tax paid was legally levied, there is no provision for recovering

money which it pays out in satisfaction of a claim for a tax not justly due. Respondents are the real parties in interest and proper parties to prosecute the suit. (*Hannan v. First Nat. Bank,* 269 Fed. 527; *Cummings v. National Bank,* 101 U. S. 153, 156, 25 L. ed. 903; *Hills v. National Albany Exchange Bank,* 105 U. S. 322, 26 L. ed. 1052.)

Appellants attack the amendatory act on the ground that it embraces more than one subject and that the purpose to exempt shares of stock from taxation is not expressed in the title, which is as follows:

"An act amending sections 61–2402, 61–2407, 61–2410, 61–2412, 61–2413, 61–2415, 61–2416, 61–2420, 61–2422, 61–2425, 61–2429, 61–2431, 61–2436, 61–2438, 61–2439, 61–2442, 61–2445 and 61–2452, of the Idaho Code Annotated relative to the levy and collection of an income tax; providing that the tax payable shall be according to and measured by the net income of the taxpayer from all sources; reducing the exemptions and deductions; increasing the rate of tax; otherwise changing the definitions and provisions of Chapter 24, Title 61 of the Idaho Code Annotated; extending the provisions thereof to trust companies and to state and national banks; repealing section 61–2419 of the Idaho Code Annotated; providing for the closing by the commissioner of taxable year; extending the period of limitation upon assessment and collection of tax; inserting two new sections in Chapter 24 of Title 61 of the Idaho Code Annotated, to be known as sections 61–2451A and 61–2478A; providing that the commissioner may compromise penalties; and providing that the provisions of Chapter 24 of Title 61, as amended by this act, shall apply to the calendar year 1933 and succeeding taxable years."

Idaho Constitution, art. III, sec. 16, provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

The act embraces but one subject. The inclusion in the act, providing for taxation, of exemptions therefrom does not violate the constitution. In *Achenbach v. Kincaid,* 25 Ida. 768, 776, 140 Pac. 529, 531, it is said:

"It is the theory of the appellant that, in view of the fact that sec. 19 provides for an exemption from taxation of a certain class of property, that it is legislation upon a different subject and one not connected with the subject of legislation covered by the remainder of the act. With this contention we cannot agree. By referring to the title of said act heretofore quoted at length, it is evident that the general object and purpose sought to be attained by the legislature is the creation of a highway commission, which shall have power to lay out, build, construct, improve, alter or discontinue the state highways, and otherwise have general supervision over the same for the maintenance and care thereof, and to provide revenue for the accomplishment of said purpose.

"While it may be technically said that the provision of sec. 19 of said act, which exempts motor vehicles from taxation, does not properly have to do with the making of provision for the carrying out of the purposes of the act, it does have an indirect connection, because the property mentioned in said section by earlier provisions of the act is burdened with a certain license tax, and in order to complete the plan which the legislature had in mind in laying said burden upon said property, sec. 19 was necessary to prevent an injustice by relieving said property from what would otherwise have been a double burden.

"The object and purpose of the said constitutional provision, as stated in *Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310–317, 68 Pac. 295, 101 Am. St. 201, was 'to prohibit the practice of bringing together into one bill subjects diverse in their nature, and having no necessary connection; to prohibit 'hodge-podge' or 'log-rolling' legislation."

The Supreme Court of the United States, in *Utah Power & Light Co. v. Pfost,* 286 U. S. 165, 52 Sup. Ct. 548, 72 L. ed. 1038, 1050, said:

"Appellant contends that the act now under review contains two subjects, (a) the levy of a license tax on electrical energy generated in the state; and (b) a subsidy (sec. 5) in favor of irrigation pumping users. The purpose of the constitutional provision, as this court said in *Posados v. Warner, B. & Co.*, 279 U.. S. 340, 344, 49 Sup. Ct. 333, 73 L. ed. 729, 732, 'is to prevent the inclusion of incongruous and unrelated matters in the same measure and to guard against inadvertence, stealth and fraud, in legislation. . . . . The courts disregard mere verbal inaccuracies, resolve doubts in favor of validity, and hold that, in order to warrant the setting aside of enactments for failure to comply with the rule, the violation must be substantial and plain.' We cannot agree with the claim that the violation here is substantial and plain. The statute levies a license tax and creates an exemption therefrom in specified cases. This exemption, although it inures to the benefit of third persons, and whether it be constitutional or not, is obviously a matter properly connected with the subject matter of the act. It is nothing more than a limitation upon the generality of the tax. The supreme court of Idaho has laid down the proper rule in *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 68 Pac. 295, 101 Am. St. 201, to the effect that the purpose of the constitutional provision is to prevent the inclusion in title and act of two or more subjects diverse in their nature and having no necessary connection; but that if the provisions relate directly or indirectly to the same subject, have a natural connection therewith, and are not foreign to the subject expressed in the title, they may be united. Following this rule, we are of opinion that the objection is untenable." (See, also, *State v. Dolan*, 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *State v. Pioneer Nurseries Co.*, 26 Ida. 332, 143 Pac. 405; *Boise City v. Baxter*, 41 Ida. 368, 238 Pac. 1029; *Smallwood v. Jeter*, 42 Ida. 169, 244 Pac. 149; *Federal Reserve Bank v. Citizens Bank & Trust Co.*, 53 Ida. 316, 23 Pac. (2d) 735.)

The exemption of capital stock of state banks from taxation was accomplished by the amendment of I. C. A., secs.

61–2402 and 61–2425, which are referred to by number in the title of the act. That reference is sufficient to meet the requirement of the constitution that the subject be expressed in the title. In *State v. Jones*, 9 Ida. 693, 75 Pac. 819, the second section of the syllabus, which was by the court and correctly reflects the portion of the opinion of which it treats, is:

"The following title to an act, to wit, 'An act to amend section 1645, Revised Statutes, of the state of Idaho, as amended by act approved February 16, 1899,' *held*, sufficient under the provisions of section 16, article 3 of the constitution."

In *Johnson v. J. A. Barrett Auto Co.*, 51 Ida. 95, 98, 4 Pac. (2d) 344, 345, it is said:

"Despite appellant's contention to the contrary, the title of chapter 113 (1927 Sess. Laws, p. 156) was sufficiently broad to cover the entire subject-matter of the act, which is therefore not unconstitutional."

The title of that act is not set out in the opinion, but from an examination of the 1927 Sess. Laws, p. 156, and from a note appended to *Federal Reserve Bank v. Citizens Bank & Trust Co.*, 53 Ida. 316, 23 Pac. (2d) 735, it is found to be as follows: "Amending sections 7065, 7066, 7067 and 7095 of the compiled statutes providing for manner of commencing actions in probate and justice courts, and repealing section 7071 of the compiled statutes."

Appellants suggest the title is misleading and deceptive, but we are unable to agree with this contention. The decree is affirmed. Costs are awarded to respondents.

Givens, Holden and Wernette, JJ., concur.

Budge, C. J., deeming himself disqualified, did not sit with the court nor participate in the opinion.