(No. 7243.   May 3, 1946.)

AMERICAN FEDERATION OF LABOR, an Unincorporated Association, et al., Plaintiffs and Appellants, v. FRANK LANGLEY, Attorney General of the State of Idaho, et al., Defendants and Respondents.

[168 P. (2d) 831.]

George Donart and B. A. McDevitt for appellants.

James W. Blaine, Prosecuting Attorney of Ada County; T. M. Roberts, Acting Prosecuting Attorney of Ada County; Harry Keyser, Deputy Acting Prosecuting Attorney of Ada County; and Grant L. Ambrose, Deputy Prosecuting Attorney of Ada County, for respondents James W. Blaine and Don Headrick. No appearance for the Secretary of State.

GIVENS, J.—Appellants, American Federation of Labor, an unincorporated Association of Labor unions, and the affiliated State Federation of Labor, and autonomous but affiliated local organizations, unions and sub-divisions as engaged in intra- and inter-state activities, and certain of the respective executive officers thereof, brought suit against the Attorney General and Secretary of State and the Prosecuting Attorney and Sheriff of Ada County, to have the court declare Chapter 76 of the 1943 Session Laws, page 158, unconstitutional and in conflict with the National Labor Relations Act, and to restrain the routine enforcement thereof. 49 STAT 449, July 5, 1935, Chapter 372; 29 U.S.C.A. Chapter 7, Sections 151-166.

The learned trial court upheld Sections 1, 2, 3 and 6,[1] but not Section 4.[2] There is no cross appeal, hence Section 4 is not now before us.

Appellants did not initially urge that the statute is violative of Article 3, Section 16.[3] The learned trial judge noted this point, but because not raised by the parties, did not pursue it.

The court's request for a brief from the Attorney General, who had not theretofore appeared personally or in his representative capacity (Section 65-1301, Subdivision 1, I.C.A.) submitted to all the parties such question, as potentially and imperatively within the scope of appellants' contention of total unconstitutionality. (*Robinson v. Enking*, 58 Ida. 24, 69 P. (2d) 603.)

Appellants and the office of the Attorney General urge the statute does not conform to Article 3, Section 16, while the Prosecuting Attorney's office contends it does.

The title of a statute may be sufficient as an index and clearly indicative of what is included in the statute, yet the statute contain such diverse provisions as to violate

---

[1]"Section 1. That the president or other executive official of every labor union or branch or local of every labor union operating or carrying on its activities in the State of Idaho shall file annually, with the Secretary of State, on or before the first day of February of each year, a verified statement of the income and expenditures for the twelve-month period next preceding the filing of such statement showing separately the amount of money collected during said period as dues, fees, assessments or fines, together with all moneys collected from any other source and the amount of money in the treasury of such union, branch or local on the date of such statement, the salary paid to each officer of such union, branch or local, the total of all expenditures for the preceding year and generally the purposes for which such expenditures were made".

"Section 2. That no officer, agent, or employee of any labor union shall enter, without the consent of the owner or operator, of any ranch, farm, feed yard, shearing plant, or other agricultural premise, for the purpose of collecting dues, fines or assessments, or to solicit membership in any union, order or promote any strike, or in any other way interfere with the activities of any person employed on such premises".

Article 3, Section 16. (*State v. Banks*, 37 Ida. 27, 215 P. 468.)

■ *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 68 P. 295, and the Constitutional Debates, Vol. I, page 533, indicate that there must be a common object, and that all parts of a statute relate to and tend to support and accomplish the indicated object. No community of interest between Section 1 and Sections 2 and 3, to be jointly attained, has been suggested.

■ We must and should 'look to the intent of the legislature and find out if there is sufficient language in the act to carry out this intent'. (*Dahl v. Wright*, 65 Ida. 130, 139 P. (2d) 754.)

■ The *subject* and the *object* of a statute may be different; in statutory analysis the subject being the internal composition and theme of the statute, and the object the aim or purpose to be attained. While each is possibly thus separate, they are akin in that the one must be designed and adequate when put in action or applied, to reasonably accomplish the latter. Such conformity and transition is imperative; namely, that in determining the

"Section 3. No person shall picket, aid in the picketing or order picketing upon any ranch, farm, feed yard, shearing plant, processing plant, or other agricultural premise".

"Section 6. Any person who shall violate or aid in the violation of any of the provisions of this Act shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not more than Three Hundred Dollars or imprisonment for a period not to exceed ninety days or both such fine and imprisonment in the discretion of the Court". Chapter 76, 1943 Session Laws, p. 158.

[2]"Section 4. No person shall boycott, assist in boycotting, or order to be boycotted, or otherwise interfere with the movement to market, or the sale of any agricultural commodity or farm produce because such produce may have been produced by non-union labor or in violation of the orders or rules of any labor union". Chapter 76, 1943 Session Laws, p. 158.

[3]"Section 16. Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title". Article 3, Section 16, Constitution of Idaho.

unity of the subject of a statute, the general object and purpose sought to be attained by the legislature must be disclosed and legitimate. (*First Security Bk. v. Fremont County*, 55 Ida. 76 at 83, 37 P. (2d) 1101.)

"It is also a rule of this court that, where a statute is capable of different constructions, it will be given the construction which will avoid conflict with the constitution and if possible give to it *the effect intended*". \* \* \* *Robinson v. Enking*, 58 Ida. 27, 69 P. (2d) 603.

"\* \* \* the title \* (must be) amply sufficient to indicate *the general scope and purpose of the statute* \* \* \*". *Fruitland Canning Ass'n.*, 64 Ida. 505 at 511, 134 P. (2d) 603. (Emphasis ours.)

█ The object and purpose of the act may be vital in determining the over-all constitutionality of the statute and must, therefore, be taken into consideration.

"The due process and equal protection provisions of these Constitutions are not intended to interfere with the power of the State in the exercise of the police powers to prescribe regulations for the protection and promotion of the welfare of the people. *It is only subject to the qualification that the measure adopted for the purpose of regulating the exercise of the rights of liberty and the use and enjoyment of property must be designed to effect some public object which the government may legally accomplish, and it must be reasonable and have some direct, real and substantial relation to the public object sought to be accomplished*". \* \* \* *State v. Finney*, 65 Ida. 630, 150 P. (2d) 130 at 132. (Emphasis ours.)

The citations in support of the above proposition amply support it.

█ To comply with Article 3, Section 16, the statute must disclose, either by express declaration or by clear intendment, or at least portend the common object in order that it may be determined whether all parts are congruous and mutually supporting, and reasonably designed to accomplish the common aim.

"It is said that if the provisions of an act all relate directly or indirectly to the same subject, having a natural connection therewith and are not foreign to the subject

expressed in the title, they may be united in one act; that however numerous the provisions of an act may be, if they can be by fair intendment considered as falling within the subject matter legislated upon in such act or necessary as ends and means to the attainment of such subject, the act will not be in conflict with this constitutional provision; that if an act has but one general subject, object or purpose, and all of its provisions are germane to the general subject and have a necessary connection therewith, it is not in violation of this constitutional provisions; * * *' See also *State v. Enking,* 59 Ida. 321, 82 P. (2d) 649, to the same effect, wherein the Idaho cases discussing and construing Sec. 16, Article 3, Constitution, are reviewed at great length". (*Boise City v. Baxter, et ux,* 41 Ida. 368, 376, 238 P. 1029; *Cole v. Fruitland Canning Assn.,* supra.)

█ The pith of the above decision emphasizes the essential need of "one general subject, object or purpose". The statute herein itself does not specify any general, common, or united 'subject, object or purpose' exposed, expounded, treated or to be attained.

Logically, to apply Article 3, Section 16, there must appear: first, a subject; second, object or purpose; third, that all provisions of the statute reasonably relate to and are not incongruous therewith or disconnected therefrom. While herein the entire act has to do with labor unions, just what *common* or unified purpose is to be accomplished in connection with labor unions is left to conjecture and is not disclosed directly or indirectly.

While many results might attend the enforcement of the statute, we are groping in the dark in seeking to determine whether there is unity of purpose because we are not advised by the statute what the core is, about which the legislative structure was designed to form a perfect accordant edifice. Each provision may revolve in its own orbit, and whether gravitating about a central theme or pole star of attraction, we cannot say because the statute does not disclose any clear and unified scheme.

Certainly constitutional unity of a statute is less discernible where the purpose of the statute as bearing on the subject matter thereof is undisclosed, than if one were; and the general provisions were to be harmonized as bearing on and mutually essential to effectuate such purpose.

Methods of enforcement have been held vital in passing on the constitutionality of a somewhat similar statute. (*Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 65 S. Ct. 1384, 89 L. ed. 1270.)

The purposes or objects as bearing on the unity of subject are perforce more vital as preliminary conditions precedent avoiding unconstitutionality.

Being thus uncertain as to any essential and unified purpose of the statute, we obviously cannot determine whether all parts are germane to a homogenious subject or object wholly nebulous.

We must, therefore, hold the statute unconstitutional as not conforming to Article 3, Section 16. Consequently, it is unnecessary to discuss or consider the other points of attack.

Judgment *reversed* with instructions to enter judgment in accordance herewith.

Ailshie, C.J., and Holden, J., and Sutton and Porter, D. JJ., concur. Sutton and Porter, D. JJ., sat in place of Budge and Miller, JJ., who deemed themselves disqualified and did not sit or participate.