(March 31, 1923.)

## STATE, Respondent, v. H. W. SAWYER, Appellant.

[214 Pac. 222.]

PHYSICIANS AND SURGEONS—OSTEOPATHY—PRACTICE OF MEDICINE AND
SURGERY—STATUTORY CONSTRUCTION.

Under the laws of this state, the holder of a license to practice
osteopathy is not authorized to practice medicine and surgery, or
either of them.

APPEAL from the District Court of the Eleventh Judicial
District, for Twin Falls County. Hon. W. A. Babcock,
Judge.

Conviction for practicing medicine and surgery without a
license. *Affirmed.*

E. V. Larson, E. M. Wolfe and J. F. Martin, for Appellant.

The laws of the state of Idaho regulating the practice of
medicine and surgery authorize an osteopath to use such
methods as are recognized by the osteopathic profession, even
though these methods are also recognized as a proper treat-
ment by other schools. (C. S., secs. 2105, 2108, 2109, 2112,
2137, 2138, 2140, 2141, 2152, and chaps. 91, 94, 95, 96 and
97; *State v. Fite,* 29 Ida. 463, 159 Pac. 1183.)

An osteopathic physician should use any method in treat-
ing a disease which is recognized as a proper method by
osteopathic physicians in good standing at that time and
place. (*State v. Smith,* 25 Ida. 541, 138 Pac. 1107.)

Publisher's Note.

Osteopathy as a medical or surgical profession, see notes in
1 Ann. Cas. 51; 7 Ann. Cas. 377; 3 L. R. A., N. S., 763; L. R. A.
1917C, 822; 16 A. L. R. 709.

Roy L. Black, Attorney General, and Dean Driscoll and James L. Boone, Assistants, for Respondent.

Osteopathy defined.   (C. S., sec. 9455; The New Standard Dictionary; Black's Law Dictionary; Words and Phrases.)

Osteopathy is not included within the meaning of the statute regulating the practice of medicine and surgery. (*State v. Fite*, 29 Ida. 463, 159 Pac. 1183.)

Osteopathy must be given the meaning that term had at the time of the enactment of Idaho's Osteopathic Act in 1907.   (*State v. Bonham*, 93 Wash. 489, 161 Pac. 377; *State v. Fite*, *supra*.)

A license to practice osteopathy does not authorize the practice of medicine and surgery, or either.   (*State v. Bonham*, *supra*; *Ex parte Rust*, 181 Cal. 73, 183 Pac. 548; *State v. Rust*, 119 Wash. 480, 206 Pac. 33.)


WM. E. LEE, J.—Appellant was convicted of practicing medicine and surgery without a license, with the intent of receiving compensation therefor.   The operation performed consisted of making an incision into the abdomen of a human being and removing the appendix.   It was shown that appellant did not have a license authorizing him to practice medicine and surgery, but held a license authorizing him to practice osteopathy.

That the legislature has power to prescribe the qualifications for those engaged in the practice of medicine and surgery, or either, and to prohibit or penalize such practice by one not possessing such license, is not open to doubt. (*State v. Johnson*, 84 Kan. 411, 114 Pac. 390, 41 L. R. A., N. S., 539; *State v. Bragg*, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925.)

In 1899, the legislature of this state enacted a law regulating the practice of medicine and surgery.   This law was substantially the same as Title 16, Chap. 90, of the Compiled Statutes.   By C. S., sec. 2105, it is provided that every person, except as otherwise provided by law, desiring to commence the practice of medicine and surgery, or either 'of

them, within the state shall show certain educational qualifications and submit to an examination. C. S., sec. 2112, contains the definition of the practice of medicine and surgery, or either. The statute also makes it a misdemeanor for one to practice medicine and surgery who has not obtained the requisite license.

In 1907, the legislature passed an act regulating the practice of osteopathy which is now chapter 92 of the same title in the Compiled Statutes. This statute provides that a successful applicant shall receive "a certificate granting him or her the right to practice osteopathy in the state of Idaho." Unless, therefore, the term "osteopathy" is broad enough to comprehend surgery, or in other words, unless the practice of osteopathy includes the practice of surgery, the statutory prohibition of the practice of medicine and surgery, except by one who has obtained the license to practice medicine and surgery as prescribed by chapter 90, still prevails.

The New Standard Dictionary of the English language defines osteopathy as follows: "A system of treating disease without drugs, propounded by Dr. A. T. Still, 1874. It is based on the belief that disease is caused by some part of the human mechanism being out of proper adjustment, as in the case of misplaced bone, cartilage, or ligament, adhesions or contractions of muscle, etc., resulting in unnatural pressure on or obstruction to nerve, blood, or lymph. Osteopathy . . . . seeks to adjust correctly the misplaced parts by manipulation."

In the case of *State v. Johnson, supra,* quoting 6 Words and Phrases, p. 5070, osteopathy is defined as "a method of treating diseases of the human body without the use of drugs, by means of manipulations applied to various nerve centers— chiefly those along the spine—with a view to inducing free circulation of the blood and lymph, and an equal distribution of the nerve forces. Special attention is given to the readjustment of any bones, muscles, or ligaments not in the normal position."

Osteopathy, therefore, we are justified in concluding from the foregoing and similar definitions, is a system of treating

diseases of the human body without drugs and by means of manipulation. The word "manipulation" certainly does not cover and include the practice of surgery in any form. Since, therefore, the term "osteopathy" does not include medicine and surgery within its content, we conclude that it was the legislative intent that a license to practice osteopathy does not carry with it the right to practice medicine and surgery, or either of them.

The appellant sought to show that the standard and accredited colleges of osteopathy include medicine and surgery as a part of their curricula; that the science or practice of osteopathy contemplates and comprehends the practice of medicine and surgery; that the colleges of osteopathy use the same text-books on the practice of medicine and surgery that are used in the best recognized medical schools and devote as much time to the subject as is consumed in the best allopathic colleges in this country. The trial court refused to receive such evidence. In this it did not err.

The evident purpose of the proposed testimony was to show that graduates of recognized and accredited colleges of osteopathy now possess the requisite knowledge and skill to engage in the practice of medicine and surgery. The only question here is as to whether the applicant possessed the statutory qualifications; his actual qualifications were not in issue. The evidence was therefore irrelevant.

If it be true that graduates of colleges of osteopathy possess the requisite knowledge and skill to enable them to practice medicine and surgery, it would suggest the propriety of bringing the facts to the attention of the legislature with a view of obtaining legislative action granting to osteopathic physicians, upon proper examination, the right to practice medicine and surgery as well as osteopathy. The judgment must therefore be affirmed, and it is so ordered.

McCarthy and Dunn, JJ., concur.