337 P.2d 938

STATE of Idaho ex rel. STATE BOARD OF MEDICINE of the State of Idaho, S. M. Poindexter, Chairman, Plaintiff-Appellant,

v.

David SMITH, Defendant-Respondent.

No. 8737.

Supreme Court of Idaho.

April 8, 1959.

Frank L. Benson, Atty. Gen. (Graydon W. Smith, former Atty. Gen., Edward J. Aschenbrener and Elbert E. Gass, former Asst. Attys. Gen., on the brief), for appellant.

E. G. Elliott, Boise, for respondent.

BELLWOOD, District Judge.

On February 21, 1955, appellant filed its Second Amended Complaint in which it is alleged, among other things:

"II

"That Defendant, David Smith, is a resident of Ada County, State of Idaho, and that he is not now, and never has been, the holder of a license to practice medicine and surgery in the State of Idaho and is not now and never has been the holder of a license to practice any of the healing arts in the State of Idaho.

"III

"That Defendant presently advertises, in the manner alleged in Paragraph VI of this Second Amended Complaint, in Ada County, State of Idaho, as one being willing and able to investigate and diagnose both real and imagined mental and physical ailments of the human body, of the types

commonly investigated and diagnosed by practicing naturopathic doctors in Idaho, with the view or relieving the same.

## "IV

"That Defendant presently advertises in Ada County, State of Idaho, as one being willing and able to treat both real and imagined mental and physical ailments of the human body, with the view of relieving the same by methods commonly employed by practicing naturopathic doctors in Idaho.

## "V

"That naturopathic doctors in Idaho, in treating real and imagined mental and physical ailments of the human body with the view of relieving the same, commonly employ physical culture and drugless treatment of disease (other than surgery) by all known methods supposed to stimulate or assist nature, as for example, by the use of light, air, water, heat, rest, diet, herbs and massage.

## "VI

"That Defendant advertises himself as a practicing naturopathic doctor, as alleged in Paragraphs III, IV and V of this Second Amended Complaint, by maintaining a sign on the door of a building located at 6102 Fairview Avenue near the northwesterly boundary of Boise City, Ada County, Idaho, said sign reading as follows:

" 'David W. Smith, N.D.
Hours by Appointment
Entrance'

"and causing to be maintained in the current (Fall) edition of the Boise Telephone Directory of the Mountain States Telephone and Telegraph Company the following entries:

" 'Smith David W. natrpthc phys
6112 Fairview av—4-3681'
(page 63 of the Directory)

and

" 'Naturopathic physicians

\* \* \* \* \* \*

Smith David W. 6112
Fairview av—4-3681'
(page 91 of the Directory)

## "VII

"That Defendant threatens to continue to advertise in the manner set forth in Paragraphs III, IV, V and VI of this Second Amended Complaint.

## "VIII

"That, unless restrained and enjoined from so doing, the continuation of the acts mentioned in Paragraphs III, IV, V, VI and VII of this Second Amended Complaint would endanger the public health, safety and welfare in Ada County, Idaho."

By the second amended complaint the appellant seeks (1) an adjudication that the acts of the respondent thus alleged constitute the practice of medicine and surgery or the practice of one or more of the other healing arts for which the State of Idaho requires licenses, and (2) a permanent injunction restraining the respondent from advertising as thus alleged.

On February 25, 1955, respondent filed a two-part demurrer to the second amended complaint (1) that it does not state facts sufficient to contitute a cause of action against respondent, and (2) that it is ambiguous, unintelligible and uncertain in enumerated particulars; and a motion to strike therefrom paragraphs III, IV, V, VI, VII and VIII.

On June 11, 1957, the district court sustained "said demurrer" * * * "without leave to plaintiff (appellant) to amend" and granted the motion to strike as regards paragraphs III, IV, VI, VII and VIII. There followed the district court's judgment of dismissal of the second amended complaint and the action based thereon, from which this appeal is taken. Among other charges of error, appellant urges that the district court erred in sustaining the demurrer and not orverruling the same.

Chapter 18, Title 54, I.C., regulates the practice of medicine and surgery. Section 54–1802, I.C., provides in pertinent part as follows:

"(a) Any person shall be regarded as practicing medicine and surgery who shall advertise in any manner, or hold himself or herself out to the public, as a physician and surgeon, or either, or who shall investigate, diagnose or treat, or offer to investigate, diagnose or treat, any physical or mental ailment or disease, real or imagined, of any person with a view to relieving the same, as is commonly done by physicians and surgeons, or suggest, recommend, prescribe or direct for the use of any person, sick, injured or deformed, any drug, medicine, means or appliance for the intended relief, palliation or cure of the same, or who shall suggest, recommend, prescribe or direct an operation on any such sick, injured or deformed person or who shall perform, or offer to perform, any such operation whether or not such person receives therefor, either directly or indirectly, any fee, gift or compensation of any kind whatsoever or in any manner whatsoever: Provided, however, that the definition of the practice of medicine and surgery as defined above shall not be construed to include the practice by any person of a healing art which is a system or mode of treating the sick or afflicted which is, or may hereafter be, licensed under the laws of this state if the person practicing such healing art holds a li-

cense from the state entitling him to engage in the practice of such healing art, including licensed pharmacists while engaged in the practice of their profession; and provided further, that the provisions of this act shall never be construed to affect in any manner the practice of the religious tenets of any church or religious belief. * * * "

Section 54–1803, I.C., makes it unlawful to practice medicine and surgery without a license, and Section 54–1815, I.C., authorizes injunctions to restrain violations.

Chapters 7 and 16 of Title 54, I.C., regulate chiropractic and osteopathy, respectively.

Naturopathy is not expressly regulated or licensed by the Idaho Code.

Appellant contends that the practice of medicine and surgery (Sec. 54–1802, supra) includes every aspect of each and every branch of the entire healing art except those separately licensed; that insofar as the practice of chiropractic or osteopathy covers naturopathy, the latter, to the extent covered, can be practiced only by the holder of a license in the covering field of healing; that insofar as naturopathy is not thus covered by such practices, it is covered by the all-inclusive field of medicine and surgery, and thus, to that extent requires a license in medicine and surgery; and finally; that Chapter 18 of Title 54, I.C.,

as it thus regulates or relates to naturopathy, is a constitutional exercise of the police powers in its requirement that practicing naturopaths must hold a license in a healing art.

With appellant's contentions we cannot agree. Principles applicable here, and controlling, have appeared heretofore in this Court's decisions.

■ The substance of the second amended complaint is that the respondent is holding himself out as a naturopathic doctor or physician and that he is threatening and advertising that he is engaging and will continue to engage in the practice of naturopathy. While it is primarily a legislative prerogative to determine what constitutes permissible practice of naturopathy or define what naturopathy is, it would not be amiss to examine the same. Webster's New International Dictionary, 2nd Ed., provides the following definitions:

Naturopathy:  (L. *natura,* nature + pathy) a system of physical culture and drugless treatment of disease by methods supposed to simulate or assist nature.

Pathy  :  A system of treating disease.

The American Illustrated Medical Dictionary, 22nd Ed., provides the following definition:

Naturopathy: A drugless system of therapy by the use of physical forces, such as air, light water, heat, massage, etc.

The legislature, by Section 54–1802, supra, has defined the practice of medicine and surgery.

By Section 54–712, I.C., the legislature has defined the practice of chiropractic as follows:

"Any licentiate under this chapter may adjust any displaced segment of the vertebral column or any displaced tissue of any kind or nature, for the purpose of removing occlusion of nerve stimulus in the bodies of human beings, and practice physiotheraphy, electrotheraphy, hydrotheraphy, as taught in chiropractic schools and colleges, but nothing herein contained shall allow any licentiate to prescribe medicine, perform surgical operations or practice obstetrics."

While the legislature has provided regulatory measures for the practice of osteopathy, it has not defined the same. But in State v. Sawyer, 36 Idaho 814, 214 P. 222, among several definitions we find the following:

"Osteopathy * * * is a system of treating diseases of the human body without drugs and by means of manipulation."

From these definitions of the practices of medicine and surgery, chiropractic and osteopathy, it must be evident that the calling or profession of one differs materially from the calling or profession of the others; that the system of healing employed by the naturopath has little in common with that employed by the physician and surgeon, the chiropractor or the osteopath; and that while the physician and surgeon is authorized to treat the sick and afflicted by any and all methods and means, the naturopath, the chiropractor and the osteopath are limited in their treatments to their particular systems. Naturopathy may not be as generally known as the three branches of the healing art just referred to, but it has been and is recognized as a separate and distinct system of the healing art.

No persuasive reason has been assigned, nor is one indicated for departing from the principles pronounced in State v. Armstrong, 38 Idaho 493, 225 P. 491, 33 A.L.R. 835, and State v. Fite, 29 Idaho 463, 159 P. 1183. Whether the question occupation be chiropody, as in the Armstrong case, or naturopathy, as in this case, the principles are equally applicable. The right to follow a recognized occupation is a right protected by the constitutional guarantees of liberty. Fourteenth Amendment to the Federal Constitution; Idaho Constitution, Art. 1, Sec. 13; Berry v. Summers, 76 Idaho 446, 283 P.2d 1093.

**110**

■ A calling may not be prohibited unless it is inherently injurious to the public health, safety or morals, or unless it has a tendency in that direction. State v. Armstrong, supra. Here the respondent is not in anywise holding himself in the capacity of a physician or surgeon, a chiropractor, or an osteopath; he holds himself out as a practitioner of the recognized branch of the healing art designated naturopathy. If the naturopath is limited in his practice to the use of a system of physical culture and drugless treatment by methods supposed to stimulate or assist nature, or to the use of physical forces such as air, light, water, heat, massage, and other similar simple materia medica, the system cannot be inherently injurious or have a tendency in that direction. Nothing is indicated which would justify prohibiting naturopathy. And appellant disclaims any such intention on the part of the legislature. Naturopathy does bear some relation to the public health, and there can be no question but that the legislature has power to regulate all callings related to the public health. The contention is that naturopathy is regulated by Chapter 18 of Title 54, I.C., by requiring that a naturopath obtain one of the different sorts of licenses provided by law such as that for a physician and surgeon, a chiropractor, or an osteopath.

■ To require one desiring to engage in the practice of naturopathy to meet the requirements prescribed for physicians and surgeons would be an unreasonable regulation of a recognized calling, unnecessary for the public's protection. It would in most, if not all, instances amount to prohibition. So far as Section 54-1802, I.C., affects the practice of naturopathy, the act is unconstitutional and void. So far as it affects the branches of the healing art licensed by the statutes and all callings or practices sufficiently related to fall within them, it is valid.

■ We adhere to and approve in this case the principles announced in the Armstrong and Fite cases above cited, and conclude that the respondent's demurrer was correctly sustained below. By virtue of the foregoing, it is unnecessary to consider the lower court's ruling on respondent's motion to strike; even so, the ultimate result would remain unaffected.

The judgment of dismissal of appellant's second amended complaint is affirmed.

Costs to respondent, I.C. Sections 54-1809, 54-1815; Snake River Mutual Fire Insurance Co. v. Neill, 80 Idaho 534, 336 P.2d 107.

TAYLOR, SMITH, KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., not participating.