The **NATIONAL ASSOCIATION OF NATUROPATHIC PHYSICIANS,** etc., et al., Appellants,

v.

The **CALIFORNIA STATE BOARD OF CHIROPRACTIC EXAMINERS** etc., et al., Appellees.

No. 24764.

United States Court of Appeals, Ninth Circuit.

May 11, 1971.

Rehearing Denied June 1, 1971.

Harold M. Gamer (argued), Beverly Hills, Cal., Frank O. Walker, Haverford, Pa., for appellants.

Michael H. Dougherty (argued), Deputy County Counsel, John D. Maharg, L. A. County Counsel, Evelle J. Younger, Atty. Gen., Bruce M. Perlman, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before MERRILL and ELY, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

The appellant is an association of Naturopathic Physicians. These physicians, in order to pursue their practice in California, are required to obtain licenses from California's Board of Chiropractors and are thus limited to the chiropractic practice. Cal.Bus. & Prof.Code § 1000–7 (West 1962). The appellant filed suit in the District Court, challenging California's licensing scheme and praying that a three-judge District Court be convened pursuant to 28 U.S.C. § 2281. The District Court dismissed the complaint.

In filing the suit the appellant apparently hoped that the District Court would invalidate the challenged California statutes and that this, in turn, would lead to the creation under the California Business and Professions Code of a separate board which would be concerned with the licensing of Naturopathic Phy-

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

sicians only. The appellant's claim that California's present procedure is constitutionally invalid is based primarily upon the decision of the Supreme Court of Idaho in State ex rel. State Bd. of Medicine v. Smith, 81 Idaho 103, 337 P.2d 938 (1959). We have reviewed that decision, and we have also considered England v. Louisiana State Bd. of Medical Examiners, 246 F.Supp. 993 (E.D.La.1965), aff'd mem., 384 U.S. 885, 86 S.Ct. 1924, 16 L. Ed.2d 998 (1966), and Hitchcock v. Collenberg, 140 F.Supp. 894 (D.Md.1956), aff'd mem., 353 U.S. 919, 77 S.Ct. 679, 1 L.Ed.2d 718 (1957). In both these latter cases, three-judge District Courts resolved contentions similar to those made by the appellant adversely to chiropractors and naturopaths, and both cases were summarily affirmed by the Supreme Court.

Despite the foregoing, we have concluded that we need not now express an opinion upon the merits of the appellant's claim. During oral argument in our court, the appellant's attorney conceded that the appellant has made no effort to challenge the validity of the pertinent California statutes in the courts of the State of California. At the same time, he urged that one recent opinion of a California appellate court strengthened the position of his client. This case is D'Amico v. Board of Medical Examiners, 6 Cal.App.3d 716, 86 Cal.Rptr. 245 (1970). In these circumstances, we think that the filing of the appellant's suit in the District Court was premature, that it was in no position to seek the intervention of the federal court before undertaking to obtain relief in the California courts, and that the dismissal by the District Court should be affirmed for that reason. Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *cf.* Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

Affirmed.