Elizabeth **FRATICELLI**, individually and as guardian ad litem of Wayne Fraticelli, a minor, Plaintiffs,

v.

The **BOARD OF EDUCATION OF** the **MILPITAS UNIFIED SCHOOL DIS-TRICT** et al., Defendants.

No. C–702596.

United States District Court, N. D. California.

Sept. 1, 1971.

---

Robert A. Baines, Roy P. Schoenberg and Einar Sunde, San Jose, Cal., for plaintiff.

William M. Siegal, County Counsel and Leland D. Stephenson, Deputy County Counsel, for defendants.

Before HAMLIN, Circuit Judge, and EAST and PECKHAM, District Judges.[*]

## OPINION

EAST, District Judge:

### STATEMENT OF FACTS

Wayne Fraticelli (Plaintiff), then a thirteen year old enrolled student, in good academic standing, was excluded from the Rancho Milpitas Junior High School on October 26, 1970 by the authorities of that school acting under the provisions of California Education Code (Code) Section 10552, viz:

> The governing body of any school district may exclude children of filthy or

---

[*] Honorable Oliver D. Hamlin, U.S. Circuit Judge, retired, for the Ninth Circuit, William G. East, U.S. District Judge, retired, for the District of Oregon, and Robert F. Peckham, U.S. District Judge for the District of Northern California, constituting a statutory three-judge district court by designation dated January 18, 1971.

vicious habits, or children suffering from contagious or infectious diseases.

The premise for the action and exclusion was Plaintiff's sale of three marijuana cigarettes to a girl fellow student and possession of several other marijuana cigarettes while upon school grounds on October 7, 1970. The Plaintiff was arrested on that date for the offense, processed through the Juvenile Court and made a ward of that court.[1]

Plaintiff has applied for but heretofore has not had:

a. Administrative or judicial review or appeal of the exclusion order, or

b. Special classes, tutor or any other form of education at the hands of the defendants or any public school.

## FEDERAL ISSUES

Plaintiff contends that Code section 10552:

a. "is unconstitutionally vague in that it gives the student no guide as to when his conduct will be considered to have violated this section and it gives no guidance to the local school board in deciding what is a 'habit' and what is 'filthy' or 'vicious'."

b. denies "plaintiff an education without a compelling justification, therefore violating plaintiff's right to equal protection of the laws under the fourteenth amendment of the United States Constitution."

c. "violates plaintiff's right of equal protection in that students excluded from school by the authority of Section 10552 do not have procedural rights such as guaranteed students who are suspended or expelled from school", and fails to provide him with the same educational benefits provided to similarly situated students.

Plaintiff's contentions raise other constitutional and civil rights grievances not requiring attention at this phase.

## RELIEF SOUGHT

Plaintiff has not heretofore sought relief on his grievances from any court of the State of California, and at this juncture in this cause seeks to permanently enjoin the Defendants from enforcing Code section 10552 and particularly the exclusion order thereunder.

## DEFENSES

The Defendants generally deny Plaintiff's contentions and contend that this Court should yield to the Federal-State comity doctrine of abstention and

" * * * not exercise its jurisdiction to enjoin enforcement of California Education Code section 10552 and its surrounding statutory scheme because so far as pertinent to this case, such statutes have not been authoritatively interpreted by the state courts of California."

## JURISDICTION

The Court notes its jurisdiction under the provisions of Section 2284, Title 28, United States Code.

## DISCUSSION AND CONCLUSION

■ It may well be that the language of the nineteenth century Code section 10552, per se, is fairly destined to constitutional overthrow for its vagueness, because

"men of common intelligence must necessarily guess at its meaning and differ as to its application * * *"
Connally v. General Construction Co., (1926) 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322; Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964);

nevertheless, we can not now conclude that the phrase "filthy or vicious habits" is not reasonably susceptible to an interpretation by the California courts that would avoid or modify the federal constitutional question presented here.

1. A status of consequence when viewed with the provisions of Code section 10603, ante.

Zwickler v. Koota, 389 U.S. 241, 249–250, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970). We paraphrase *Fornaris* to this extent, it is conceivable that "filthy or vicious habits" might be judicially confined to an acceptable ambit which would avoid all constitutional question. We think that acceptable judicial tailoring of state statutes is best left to that state's courts.

Furthermore, there is within the framework of the issues herein a state claim or issue of the determination of the proper play of Code section 10603 within the Code's scheme of things. This twentieth century Code section provides:

"For the protection of other pupils in the public school, the governing board of any school district may suspend or expel, and the superintendent of any school district when previously authorized by the governing board may suspend, a pupil whenever it is established to the satisfaction of the board or the superintendent, respectively, that the pupil has on school premises or elsewhere used, sold, or been in possession of narcotics or other hallucinogenic drugs or substances, or * * *,"

and other sections contain time limiting, appeal and substitute instruction provisions.

█ This statute is specific proscription of drug traffic among pupils and direction to the school authorities in dealing with the problem. The judicial pairing off of this specific language provision with the general language of Code 10552 is something for local law and can be best dealt with by the courts of California. R. R. Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971) citing Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). Also, see the admonition contained in the National Association of Naturopathic Physicians, etc., v. The California State Board of Chiropractic Examiners, etc., et al., 9 Cir., 442 F.2d 466 (1971).

It is conceivable that Code section 10552 could be judicially put out of play in this instance by the California courts, which would avoid all constitutional questions.[2]

We are not unmindful of the emergency situation facing the Plaintiff and the narrow and specific application of Code section 10552 to Plaintiff as were features of Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 nor of our dishonor of Plaintiff's privilege to select the forum to hear his federal constitutional grievances, *Zwickler, supra,* and the possibility of further delay and expense to Plaintiff occasioned by our deference to the courts of California. However, in the legal picture of this case we are faced with all of the badges of the doctrine of abstention as recently developed by the Supreme Court and we conclude that the above cause should abate pending Plaintiff's application to the California courts

2. The problem is one of construction of the statutes 82 C.J.S. Statutes § 311. Sec. 347 discusses "Conflicting Provisions" stating that in general the object of the task is to discern legislative intent (at p. 717) and then that where there are general and special provisions which seem to conflict: (1) the court should attempt to *harmonize* the provisions; and (2) *the special provision will prevail* over the general, (at p. 720). *See,* Berkeley Unified School Dist. v. City of Berkeley, 141 Cal.App.2d 841, 297 P.2d 710 (1956); Rose v. California, 19 Cal.2d 713, 123 P.2d 505 (1942); and Brill v. Los Angeles Cty., 16 Cal.2d 726, 108 P.2d 443 (1940).
*Rose, supra,* at 19 Cal.2d at pp. 723–724, 123 P.2d at p. 512, teaches that:

"It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates."

and those courts' interpretation of the language of Code section 10552 and construction of that statute in light of the post-dated Code section 10603 and their surrounding statutory scheme, and until further order herein upon motion of any party or otherwise.

This opinion shall constitute the Courts' Findings of Fact and Conclusions of Law as provided for in Rule 52(a) Federal Rules of Civil Procedure.

Counsel for the Defendants is requested to present and serve the Plaintiff, within 15 days from the date hereof, appropriate order.