(March 13, 1908.)

## THE SETTLERS' IRRIGATION DISTRICT, Respondent, v. THE SETTLERS' CANAL CO., LTD., and JOHN LEMP, Appellants.

### [94 Pac. 829.]

IRRIGATION DISTRICT—TITLE TO ACT—CONSTITUTIONAL LAW—CONFIRMATION OF ORGANIZATION AND PROCEEDINGS OF THE DISTRICT.

1. Where an irrigation district has been organized in accordance with the irrigation law of this state, and has voted to issue bonds for the construction or purchase of a canal system, the fact that said system will supply and water lands outside of the district does not render said district or the proposed issue of the bonds invalid.

2. The legality of the formation of an irrigation district or the proposed issue of bonds of said district for the construction or purchase of a canal system are not affected by the fact that the canal system of said district may water lands outside of said district.

3. Where bonds of an irrigation district have been authorized by vote of the qualified electors of said district, and the benefits accruing from such works, and the costs of such works are apportioned and distributed to the lands in said district, and said district and its officers have acted in said matter wholly with reference to the land within the boundaries of said district, the fact that the canal system or the works supply water to irrigate lands outside of the irrigation district does not affect the validity of the proposed issue of bonds.

4. Where the title of an act has been approved by this court, the title of an amendatory act thereto is sufficient, when it clearly specifies the particular sections of said act to be amended and is germane to the subject stated in the original act.

5. An act is not repugnant to the constitution of this state, where a word is used therein which it is apparent the legislature did not intend to use, and as used, is meaningless and surplusage, and it is plain that the same was inadvertently used.

6. A section of a statute may be amended by adding thereto a new section, provided the section added relates to and is germane to the subject matter of the act proposed to be amended.

(Syllabus by the court.)

APPEAL from the District Court of Third Judicial District for Ada county. Hon. Fremont Wood, Judge.

A proceeding to confirm the validity of the organization of the Settlers' Irrigation District and the validity of a proposed bond issue of said district.   Judgment for respondent. *Affirmed.*

W. B. Davidson, and Morrison & Pence, for Appellants, cite no authorities.

Cavanah & Blake, for Respondent.

The supreme court of this state has already confirmed the issue and sale of bonds and the organization of an irrigation district where considerable land using water from the canal was outside the district.   The court held that the provisions of the act of 1903 must be liberally construed to carry out the purpose of the law.   (*Nampa & Meridian Irr. Dist. v. Brose,* 11 Ida. 474, 83 Pac. 499.)

The supreme court of California held that even after the district voted a bond issue, and before they were issued and sold, about 28,000 acres of land which were excluded from the district did not affect the organization of the district or the validity of the bonds.   The law must be liberally construed. (*Board of Directors v. Tregea,* 88 Cal. 359, 26 Pac. 237; *Central Irr. Dist. v. DeLappe,* 79 Cal. 351-365, 21 Pac. 825.)

STEWART, J.—On January 21, 1908, the board of directors of the Settlers' Irrigation District, situated in Ada county, filed a petition in the district court for the purpose of having confirmed the organization of said Settlers' Irrigation District, and the proposed issue of $120,000 of bonds authorized by said district, proposed to be issued for the purpose of purchasing the Settlers' Canal System and Works. Upon the filing of said petition, the judge of said court made an order fixing February 24, 1908, at the courthouse in Boise City, Idaho, for the time and place of hearing said petition, and directed that the clerk of said court give and publish a notice of such hearing according to law.   The clerk of said court gave such notice and filed his return thereto, certifying that such notice was given and published pursuant to the

order of said judge, and due proof of publication was also made.

Upon the day set for hearing, the appellants, John Lemp and the Settlers' Canal Company, appeared by their attorneys and filed a demurrer to the petition, on the ground and for the reason that said petition did not state facts sufficient to constitute a cause of action in favor of said petitioners, and against the parties adversely interested. The demurrers were overruled by the court and a default entered against said appellants for want of an answer, and all other persons adversely interested to the petitioners.

Findings were made and entered, in which the court found that the law in relation to the organization of said district and the proposed issuing of said bonds had in all things been complied with. A judgment and decree were thereupon entered confirming each and all of the proceedings for the organization of the said Settlers' Irrigation District, and confirming each and all of the proceedings in relation to the bonding plan and the purpose thereof, and the proposed issue and sale of $120,000 of the bonds of said district authorized by said district, and in assessing and determining the benefits accruing to each tract or legal subdivision in said district, and all other matters connected with or necessary in the organization of said district, or the proposed issue and sale of the bonds of said district.

From this judgment the appellants appeal. It is argued in this court that inasmuch as it is disclosed by the petition that a portion of the lands to be watered lie outside of the district, and that a portion of the water under the control of the district flows outside of the exterior boundaries of the district to other lands, that the district or its officers have no power to exercise any dominion over the water of the system after it has once passed out of its territorial limits, nor over the lands which the same irrigates, and for that reason the proposed issue of the bonds will be invalid.

The second contention of counsel for appellant is that the law of 1907 is unconstitutional, for the reason that it is not

·in accordance with the requirements of secs. 16, 17 and 18 of art. 3 of the constitution.

The first question for consideration is: Does the fact that some of the land watered by the canal system, which the Settlers' Irrigation District proposes to purchase, lies outside of the territorial limits of the district, affect the organization of said district or the legality of the proposed issue of bonds? It appears from the record in this case that the land proposed ,to be watered outside of the territorial limits of the Settlers' Irrigation District is in the territorial limits of the Nampa and Meridian Irrigation District adjoining. It further appears from the record that when the board of directors of the Settlers' Irrigation District made the assessment of the bene- fits, and apportioned the costs to be levied against the land ,benefited, that no assessment was made against land outside of said district. The Settlers' Irrigation District was or- ganized under the act of 1903 (Laws 1903, p. 150). Under the provisions of sec. 2 of said act, the board of county com- missioners had jurisdiction and authority to fix and define the boundaries of said district, and the law further provides that land outside of the boundaries of said district may be brought into said district upon a compliance with the statute. The court found in this case, and it appears clearly from the record, that the requisite number of freeholders signed the petition for the organization of said district, and the court further found that said district had been organized in all things as required by law, and that in making the assessment of benefits and the apportionment and distribution of the costs of such work, the same was made only against lands in ·said district; that said bonds were authorized by a vote of the qualified electors of said district, and that the benefits accru- ing from such works and the costs of such works were ap- portioned and distributed to the lands in said district only. ·Thus it will be seen that the officers of said district, and said ,district, have acted in this matter only with reference to the land within the boundaries of said district. The fact that the ,canal system or works of said district supplies water to irri- ,gate land outside of the district does not in any way affect

the validity of the organization of said district, or the validity of the bonds in question.

In the case of *Nampa and Meridian Irrigation District v. Brose,* 11 Ida. 474, 83 Pac. 499, this court confirmed the organization of that district and the proposed issue of bonds, notwithstanding the fact that it appears from the record in that case that land not included in said district was watered from the same system of works. While this specific question was not presented in that case, yet the fact appeared from the record.

As stated above, said district was organized under the law of 1903, but the bonds voted and proposed to be issued have been voted under the law of 1903 as amended by the act approved March 15, 1907 (Laws 1907, p. 484). Neither of these acts, however, prohibits an irrigation district from furnishing water to lands outside of the district. The legality of the district, and the validity of the bonds proposed to be issued by the district, are not affected by the fact that said district may make some arrangement with the users of water, to supply the same to land outside of said district.

It is next argued that the act of March 15, 1907 (Laws 1907, p. 484), is unconstitutional, for the reason that it does not comply, first, with sec. 16, art. 3 of the constitution. This precise question was before this court in the case of *Pioneer Irrigation District v. Bradley,* 8 Ida. 310, 101 Am. St. Rep. 201, 68 Pac. 295, wherein the district irrigation law of 1899 was fully sustained by this court. Also in the case of *Nampa Irrigation District v. Brose,* 11 Ida. 474, 83 Pac. 499, this court passed upon the act approved March 9, 1903 (Laws of 1903, p. 150), and fully sustained the constitutionality of said law. In both of said cases, the sufficiency of the title was challenged upon the ground that it embraced more than one subject and matters properly connected therewith, and in both cases the title was sustained. The title of the act of March 9, 1903, having been sustained by this court, and the act of March 15, 1907, being an amendment thereto and repealing a part thereof, the title to said amendatory act is sufficient if it refers with certainty to the law amended, and

is sufficient to support the amendment.  The title to said act of March 15, 1907, clearly specifies the particular sections of the act of 1903 to be amended and the sections as amended are set out in full in the body of the act.  The particular sections it is proposed to repeal as indicated in the title are specifically referred to in the body of the act, section 1, and in terms expressly repealed.  This is sufficient under the constitution.

It is next contended that the act of March 15, 1907, violates sec. 17, art. 3, of the constitution, in that said act is not plainly worded.  The only reason urged for this contention is that in sec. 1 of said act the word "repealed" is used in the latter end of said section evidently without any intention upon the part of the lawmakers to use the same, and without said word having any fixed or distinct meaning in the connection in which the same is used.  The latter part of said section reads:  "And that said amended and repealed sections read as follows."  The repealed sections are not set out in full, and the constitution does not require that an act or section repealed shall be set out in full.  An act may be repealed by implication or by express repeal, but in neither case is it necessary to set forth in full the act or section repealed.  In the body of said sec. 1, it is provided:  "That sections 11, 18, and 20 of said act be repealed."  This was sufficient to repeal said sections, and it was unnecessary to set out in full the sections repealed.  The use of the word "repeal" in the latter part of said section is meaningless and surplusage, but does not affect the validity of said act.  (*State v. Page,* 20 Mont. 238, 50 Pac. 719.)

It is next contended that said act violates sec. 18 of art. 3, which reads:  "That no act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length."  All the sections proposed to be amended by the act of 1907 are set out in full in said act as required by the constitution.  The title of the act proposes to amend secs. 1, 2, 3, 5, 6, 12, 15, 16, 17, 19, 21, 22, 29, 30, 35, 44, 45, 47, 48, 49, 50 and 51 of the act approved March 19, 1903; each one of these sections as amended is set out in full and fully complies with the constitutional re-

quirements. Then it is further provided in the title that the same be amended by inserting in said act after sec. 2, two new sections to be known as secs. 2a and 2b, and after sec. 3, one new section to be known as 3a, and after sec. 12, one new section to be known as sec. 12a and after sec. 15 four new sections to be known as secs. 15a, 15b, 15c, 15d, and after sec. 33, one new section to be known as sec. 33a, and after sec. 60, one new section to be known as sec. 60a; all of these new sections are set out in full in the body of the act and are all germane and relate to the general subject embraced in the act proposed to be amended. This we do not understand the constitution prohibits. In other words, a statute may be amended by changing the language of a section, or by adding thereto a new section, provided that the subject matter be germane and relates to the subject matter embraced in the title of the act proposed to be amended. (*Pioneer Irrigation District v. Bradley,* 8 Ida. 310, 101 Am. St. Rep. 201, 68 Pac. 295; 26 Am. & Eng. Ency. of Law, 2d ed., 708.)

We are, therefore, clearly of the opinion that the act approved March 15, 1907, amending certain sections of the act approved March 9, 1903, and repealing other sections, is not repugnant to the provisions of the constitution of this state, and that the record and findings of the court in this case show that the Settlers' Irrigation District has in all things complied with the law in the organization of said district and in the proposed issue of $120,000 of the bonds of said district, and that the trial court committed no error in confirming the proceedings of said district as prayed for in the petition for confirmation. The judgment is affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.