## A. H. BRUHL v. THE STATE.

No. 11547. Delivered November 14, 1928.
Rehearing denied State January 30, 1929.

The opinion states the case.

*Black & Graves, R. M. Turpin* and *Charles L. Black,* for appellant.

*G. N. Burbank,* County Attorney of Llano County and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for practicing optometry without a license; punishment, a fine of $50.00.

The facts in this case show that appellant had a drugstore in the town of Llano and therein sold spectacles or eye-glasses. He was not a licensed optometrist. For a couple of years he had had in such store a device called a *"Shore-Self Fitting Eye Testing Machine,"* consisting of two discs on a pedestal. Disc No. 1, as we understand it, was stationary and had in it two openings or eye cups; disc No. 2 which held twelve sets of lenses or eye-glasses, could be rotated by means of a screw, so that successively each pair of lenses or eye-glasses in said disc would come before the eyes of any person looking through the eye cups or openings in disc No. 1. The spectacles or eye-glasses kept for sale by appellant were in trays and lettered to correspond with the lenses or eye-glasses in disc No. 2. It appears that a customer wanting to buy glasses could go to the tray where same were kept, and in person by testing or trying on all or any number of such glasses, make his selection of such one as he might wish to buy. He might also use the machine above referred to. The only office of said machine seems to have been one of convenience, cleanliness and sanitation. The glasses or lenses in disc No. 2, brought rapidly,—and without contact with the hands or eyes of a prospective purchaser, before his eyes,—by the use of said machine, as far as this record discloses, were identical with those spectacles exhibited in trays for sale. We have studied this record carefully and perceive no possible difference in the result arrived at in the first

place by the personal trying on of the spectacles in the trays, from that obtained by the use of the machine, save and except that in the latter case the remainder of the buying public would be protected from possible evil results arising from indiscriminate handling of the contents of the trays by any and all sorts of persons who wished to buy glasses; also that the merchant would be protected from liability of loss and breakage of fragile merchandise by careless handling of indiscriminate prospective purchasers; also the purchaser would be saved time and exposure to possible disease incident to the examination and testing by placing on and around his eyes, one at a time, of a large number of spectacles theretofore handled and used by other persons.

The State urges in this case that the Legislature, in Art. 737 P. C., forbids the practice of optometry by persons without license and certificate; also that in Art. 4565e, Revised Civil Statutes, "practicing optometry" in one sense is substantially defined to be any sale of spectacles or eye-glasses by a merchant in any other way, or by any other means, than merely exhibiting same in trays or containers; and that any merchant who aided a customer in any way, or provided for his use or for exhibition, any mechanical device, etc., would be practicing optometry. To this contention of the State the appellant answers that Art. 4565e was in fact enacted, but that same is unconstitutional and void; that same traverses the Fourteenth Amendment to our Federal Constitution which forbids any State making or enforcing laws which abridge the privileges or immunities of citizens of the United States, and is also contrary to Sec. 19, Art. 1 of our State Constitution, which forbids that any citizen be deprived of life, liberty or property except by due course of the law of the land.

The law in question in this case recognizes that spectacles and eye-glasses are articles of commerce and may be legitimately kept for sale and sold as merchandise by appellant or any other person. Discussion, analysis or citation of authorities is deemed needless to make plain the proposition that one engaged in a legitimate business has the inherent right to do any and all things necessary or incident to the carrying on of such business,—which do not trespass on the rights of some other person, or are not injurious to the morals, good order, comfort, convenience or health of the people. Beyond these latter the so-called police power of the State may not go in its prohibitive or regulative effort. We are firmly convinced under the facts in this case that the Legislature tried to make criminal acts

which do not come within any of the above. The forbiddance, in most general but positive terms, of any aid to the customer by the merchant; of the use of any device, however harmless on the one hand, or helpful on the other; of any literature or printed directions or suggestions; of any sale, except the customer in person has made the selection of his glasses; of any kind or character or means of assistance to any customer, no matter how feeble, infirm or desirous; the making of any sale illegal, save one in which the customer approaches the tray or container of eye-glasses alone, in person, and without interference or aid from any one directly or indirectly makes his own selection by trying on one after another the eye-glasses in the tray until he concludes that he has one that suits him,—all seems to us to exceed the power of the Legislature and to make the law in question incapable of being upheld or enforced under our Constitutions.

Other parts of the optometry statute beside Art. 4565e, supra, seem to fully define what is meant by the practice of optometry, and to sufficiently forbid persons unfit or unskilled from engaging in such practice. No construction of any other part of said law is called for in this opinion; nor does our disposition of this case affect any other parts of said law. We have examined the able brief filed by the State in this case, but are of opinion that the authorities cited are not in point. We always regret the necessity for holding any statute or part thereof unconstitutional, but will not hesitate to do so when the case seems as plain as the one now before us.

For the reasons stated, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—We have been much interested in both the motion for rehearing and argument in support thereof which has been filed by the state; our views, however, remain the same as expressed originally.

The motion for rehearing is overruled.

*Overruled.*