(No. 5477. November 7, 1929.)

STATE, on the Relation of CAPITAL INVESTMENT COMPANY, a Corporation, Plaintiff, v. FRED E. LUKENS, Secretary of State, Defendant.

[283 Pac. 527.]

Dean Driscoll, for Plaintiff.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Defendant.

BUDGE, C. J.—Upon application of the plaintiff an alternative writ of mandate was issued from this court directed to the defendant as Secretary of State requiring him either to receive and file of record in his office a chattel mortgage presented for such purpose pursuant to the provisions of Sess. Laws 1929, chap. 250, p. 508 et seq., by the Capital Investment Company, or show cause why he had not

done so. The matter was heard upon demurrer of the defendant to the application and motion to dismiss the same.

The application is in form sufficient to authorize the issuance of the writ under rule 60, this court has original jurisdiction so to do under Const., art. V, sec. 9, and from the showing made in the application it satisfactorily appears that it seeks ''to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station,''—when such a writ may be issued under C. S., sec. 7254. The motion to dismiss the application will be denied.

As a determination of the question involved concerns interpretation of chap. 250, *supra,* certain provisions thereof pertinent to the inquiry are hereinafter set out. Section 1 amends C. S., sec. 6375, so as to provide:

''Except as provided in section 3 hereof (when there is actual possession of the mortgaged property by the mortgagee) a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith and for value, unless it is acknowledged or proven as grants of real estate, and the mortgage, or a true copy thereof . . . . is filed for record with the County Recorder of the county where such property is located . . . . at the time of such filing . . . . ''

''Sec. 2. Any chattel mortgage acknowledged or proven, as provided in Section 1 hereof, or a true copy thereof, verified as correct by affidavit as provided in Section 1, or certified as a true copy by the Recorder of any county where the same has been filed, may also at any time prior to its satisfaction, discharge, or release be filed for record in the office of the Recorder of any other county in the state, or in the office of the Secretary of State, or both, but filing in the office of the Secretary of State shall be of no effect however, until the mortgage or copy thereof shall have been filed with a county recorder as provided in Section 1 of this Act, but when it is so filed with a county recorder in compliance with said Section 1, and with the Secretary of State, such filing has the same effect as if the mortgage had been duly

filed for record in the office of the Recorder of each county in the state.''

Section 4 amends C. S., sec. 6376, as amended by Sess. Laws 1921, chap. 137, so as to read:

''Upon the receipt of any such instrument the County Recorder, or the Secretary of State, as the case may be, shall indorse on the back the time of receiving it, and shall· file the same in his office, to be kept there for the inspection of all persons interested, and . . . . shall keep a book in which shall be entered a minute of all mortgages of personal property . . . .''

A duplicate original (of the same standing and validity as an original) chattel mortgage, duly acknowledged, evidencing the hypothecation of certain property of the mortgagor in Gem county, was assigned by the mortgagee to the Capital Investment Company, and was by the latter presented at the office of the Secretary of State for filing, together with the amount of the filing fee therefor. The Secretary of State refused to accept the instrument and file it as requested because, it appears, it was not accompanied by a showing that such mortgage, or a copy thereof (1) had been previously filed for record with the county recorder of the county where such property is located, and (2) had not been satisfied, discharged or released. The question here for decision is whether, under the provisions of the act set out above, the Secretary of State was authorized to require such showing to be made as a condition precedent to the filing of such instrument in his office.

As we are concerned under the facts of this proceeding with what may be considered an original instrument, as distinguished from what is termed a ''true copy,'' for filing in the office of the Secretary of State and not in the office of a county recorder, the statute may be paraphrased as applied to the facts. Thus, section 2 provides in part that a chattel mortgage acknowledged or proven as grants of real estate may at any time prior to its satisfaction, discharge, or release, be filed for record in the office of the Secretary of State. It does not provide that the mortgage, or a true copy,

be first filed for record in the office of a county recorder before being submitted for filing in the office of the Secretary of State. It is clearly indicated that such an instrument, or true copies thereof, may be filed for record either in the county where the property is located, *also* in any other county in the state, *or* in the office of the Secretary of State; and as we read the section no order of precedence as to which place the instrument, or a copy thereof, may first be filed is contemplated.

Neither does the statute require, as a condition precedent to such filing, any particular showing that the mortgage has not been satisfied, discharged or released. A certificate of a county recorder ''where said chattel mortgage is first submitted for filing to the effect that said chattel mortgage is filed in said county and that it has not been satisfied, discharged or released,'' suggested by the attorney general as a requirement to be exacted by the Secretary of State before accepting the same for filing in his office, assumes that such instrument or a true copy first must be filed for record in the office of a county recorder before submitting the original or a copy to the Secretary of State for filing, but as has been pointed out, the statute does not so prescribe. The matter of the satisfaction, discharge or release of such an instrument goes to its effect or validity among private individuals and can be of no moment to the official in connection with the formality of accepting it for filing.

The provision of section 2 of the act under consideration that ''*filing* in the office of the Secretary of State shall be of no effect however, until the mortgage or copy thereof shall have been filed with a county recorder,'' should be sufficient in itself to remove any doubt as to the statute permitting a paper of the kind to be filed in the office of the Secretary of State before it has been filed with a county recorder.

It seems the difficulty surrounding the whole matter has arisen largely as a result of the concern of the Secretary of State as to whether the apparent aim of that portion of the act before us may be carried out when a mortgage is submitted to him for filing without being at the time on record

in one or more counties. The policy of a legislative enactment is not open to question, and it is the duty of an official whose action thereunder is prescribed to abide by its terms, as it is of the courts to interpret its meaning, without regard to the possible results thereof.

The writ will issue as prayed for.

Givens, T. Bailey Lee and Varian, JJ., concur.