19663. HOLCOMB *v.* JOHNSTON *et al.*

ARGUED APRIL 9, 1957—DECIDED MAY 14, 1957.

*Ollie Mae Stowe, Smith & Gross, H. A. Stephens, Jr.,* for plaintiff in error.

*Paul Conaway, McClure & Ramsay,* contra.

DUCKWORTH, Chief Justice. The case as made by the pleadings, stipulations and evidence discloses the question to be one of law as to the right of the legislature to define the practice of dentistry in this State as is done in Code (Ann.) § 84-701 (Ga. L. 1949, pp. 1161, 1162). From all the evidence and the stipulations, it is clear that the defendant has violated the Code section thus defining the practice of dentistry, but he seeks immunity by attacking the portion of the act which prevents dental laboratory technicians taking impressions and fitting dentures and appliances usable on or as teeth not under the supervision of a

252

licensed dentist as violating constitutional provisions allowing individuals the right to work. The words of the statute are "all persons who shall charge a fee . . . who shall take an impression thereof for the purpose of treating or operating upon the same [human tooth, teeth, gums or jaws], or who shall make or repair appliances usable on teeth or as teeth, unless said appliances are ordered by and returned to a licensed dentist," are practicing dentistry. In substance, the attack is that it violates due process in preventing these technicians from carrying on their vocation except at the whim of the licensed dentists of this State. If the act is not subject to the attack, then the court did not err in directing the verdict for the plaintiffs against the defendant.

There can be no doubt that the practice of dentistry is affected with the public interest, and to insure protection of the public health and welfare the profession of dentistry is a logical subject for regulation by the legislature. 11 Am. Jur. 1147-53, §§ 336-338. But the defendant here claims that the definition of the practice is too broad in scope and coverage, and by evidence attempts to show that the operations of taking an impression and fitting dentures and appliances in the mouth are purely mechanical, requiring no scientific training of the professional dentist. He then goes on to show that to allow the choice of dental laboratories to be in the dentists, and not the patients, will result in the control of such vocation being in the hands of the licensed dentists of this State. The expert testimony of the witnesses here clearly refutes the claim that the operations above require only mechanical knowledge. From the very beginning of the profession of dentistry those individuals practicing it have combined the knowledge of the skilled artisan with the healing hand of medicine, part mechanical and part scientific, to treat the peculiar ills of the body associated with the oral cavity known as the human mouth. So much so that the dental profession has been carved out of the broader medical field into its own. Only in our modern age has the "dental laboratory technician" been created by the dentist to assist him by allowing such artisans to do certain parts of the dentist's mechanical skills under his supervision, to release the doctor for the more important work of his

profession of healing. The mere fact that the making and manufacture of these appliances are purely mechanical does not mean that the taking of the impression and the fitting of such prosthetics, as shown by the evidence, does not require the scientific knowledge of the professionally trained medical man in performing this function. Since it is necessary that a dentist take the impression and adjust the fitting after it is made, the regulation allowing such appliances to be "ordered by and returned to a licensed dentist" is not unreasonable. See 70 C. J. S. 840-842, § 10. While the legislature has seen fit to define another dental technician, the hygienist, and to allow those persons properly licensed to perform their duties "only under the supervision of a licensed dentist" (Code, Ann., § 84-728), it has not as yet seen fit to define the duties of the "dental laboratory technician," but has left such to the discretion of the licensed dentists who are responsible for the fitting of all prosthetics in the mouth.

The operations performed by this defendant in taking impressions and fitting dental prosthetics for a fee are clearly acts required to be performed by a licensed dentist, and the mere fact that the legislature holds these professional men accountable and responsible for such acts as a part of their profession in no way violates due process when others are only allowed to make or repair the appliances when "ordered by . . . a licensed dentist." *Cooper* v. *Rollins*, 152 *Ga.* 588 (110 S. E. 726, 20 A. L. R. 1105); *Lamons* v. *Yarbrough*, 206 *Ga.* 50 (55 S. E. 2d 551). The portion of the act under constitutional attack does not offend the due-process clauses of the State and Federal Constitutions, and the court did not err in directing the verdict against the defendant and in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*