329 P.2d 648

Frank LEES, Director of Registration, State of Utah, Plaintiff and Respondent,

v.

Donald K. OSTER, d/b/a American Dental Repair Lab., Defendant and Appellant.

No. 8844.

Supreme Court of Utah.

Sept. 17, 1958.

Grover A. Giles, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Peter M. Lowe, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from an injunction preventing defendant from practicing dentistry under the statute.[1] Affirmed. No costs awarded.

Defendant, unlicensed as a dentist, advertised that he would perform, and did perform all types of repair work on prosthetics, including their manufacture as substitutes for natural teeth. He dealt directly with the public, not under any authority of a licensed dentist responsible therefor.

Though defendant claimed he did not take impressions himself, leaving this chore to the customer, and that he merely performed mechanical work on inert matter, we think neither circumstance is controlling.

Defendant's sole contention is that the statute, making no exception in such case, constitutionally is objectionable under state and federal provisions relating to due process and privileges and immunities.[2]

Defendant says his business is a common calling, requiring no special scientific knowledge. He urges that requiring his work to be authorized by a licensed dentist, is not a constitutionally sanctioned regulatory measure under the police power. He concedes, however, that the dental profession itself enjoys no such immunity. The fallacy of defendant's contention lies in the assumption that the making and processing of prosthetics is not an integral part of the cumulative art of dentistry. The uncontradicted testimony reveals that in acquiring such skill, about one-fourth of the matriculant's attention at dental school is devoted to learning that technique. Without the knowledge obtained in this sub-area of the whole field, there would be no hope of graduation or of becoming a licensed dentist.

It is argued that the statute gives the licensed dentist the power of life or death over defendant's business. This may be true technically, as might be the case with an anesthetist, who is wholly dependent upon the beck and call of a physician. However, the dental technician who can display

---

1. Title 58-7-6, Utah Code Annotated 1953. "Any person shall be held to be practicing dentistry * * * who * * * (2) who shall offer or undertake * * * to supply artificial teeth as substitutes for natural teeth, or to take impressions of the teeth or jaws, or * * * (3) who shall in any way indicate that he will * * * undertake * * * to supply artificial teeth as substitutes for natural teeth, or to take impressions of

the teeth or jaws * * *. But nothing in this title shall prohibit an unlicensed person from performing merely mechanical work upon inert matter in a dental office or laboratory; (sic) under the authorization and responsibility of a licensed and registered dentist."

2. Art. I, Sec. 7, Art. VI, Sec. 26, Utah Const.; Amend. XIV, U.S.Const.

his abilities, may indulge his calling, as many dental laboratories do, under the authority of a licensed dentist, statutorily held responsible for the quality of the product. Irrespective of the fact that a dental technician may not be able to ply his trade if a licensed dentist does not authorize his work, the dental profession is so charged with a public interest, we think, that the statute here represents a reasonable exercise of the police power, the unlicensed dental laboratory technician's problem to the contrary notwithstanding.

We are supported in our view by testimony to the effect that a fitting resulting from an impression taken by a customer, unaided by any professional skill or supervision, easily could and does lead to injury, even malignancy. The same result could eventuate at the hands of an unlicensed person immune from regulation, free to operate without restraint, with no yardstick to measure the nature or extent of skill required. We believe the public interest demands assurance that the experienced and tested eyes and guiding hands of a licensed practitioner should control the use of prosthetics from manufacture to mastication, under familiar principles of agency and the police power, where authority and responsibility more nearly can contribute to the health and safety of the community.

Defendant relies on State v. Brown,[3] a Washington case, in support of his contention. A statute there prohibited an unlicensed person from operating a dental office with licensed personnel. It was held unconstitutional on the ground such an operation was not the practice of dentistry. That case was overruled later on in State v. Boren.[4] The latter case is commended as to its pronouncements anent the police power and permissible regulations with respect to the professions, including dentistry.

Defendant offers Berry v. Summers,[5] an Idaho case, in support of his views. It was conceded there that the occupation of dental technician was a proper subject for regulation under the police power. It was pointed out, however, that such occupation had been recognized statutorily in Idaho since 1921,[6] and that to require a dentist's license in order to continue business was an unconstitutional interference with vested rights. No such problem exists here. Insofar, however, that any obiter is found in that case which clashes with our decision, we do not espouse it.

3. 1905, 37 Wash. 97, 79 P. 635, 68 L.R.A. 889.

4. 1950, 36 Wash.2d 522, 219 P.2d 566, 20 A.L.R.2d 798.

5. 1955, 76 Idaho 446, 283 P.2d 1093.

6. Idaho C.S.1919, Sec. 2134, as amended by Session Laws 1921, Ch. 255, sec. 11.

7. 1951, 407 Ill. 565, 95 N.E.2d 888.

144

The case of People v. Brown,[7] an Illinois case, is leaned upon heavily by defendant. There a statute required journeymen and apprentice plumbers to work for a master plumber in order to operate. The statute was held unconstitutional. There was no question as to the safety and welfare of the community such as to invoke the police power. The same court later on was confronted with the problem of making and selling prosthetics, the problem we have here, and it clearly distinguished the Brown case as one having nothing to do with an occupation charged with a public interest.[8] The court took time out also to say it was not persuaded by Berry v. Summers, the Idaho case, supra. The last mentioned Illinois case seems to be on all fours with ours, as is Holcomb v. Johnston,[9] a Georgia case. We approve the language of both as being steeped in good sense, reason and logic, and refer to both without any unnecessary repetition of their language here.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, J., concurs in the result.

8. People ex rel. Chicago Dental Society v. A.A.A. Dental Laboratories, Inc., 1956, 8 Ill.2d 330, 134 N.E.2d 285.

9. 1957, 213 Ga. 249, 98 S.E.2d 561.