[No. 34782. Department Two. April 30, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. M. J. ANDERSON, *Appellant*.[1]

[1] Reported in 338 P. (2d) 740.

*Harvey Erickson* and *Frank R. Freeman*, for appellant.

*The Attorney General* and *Ernest M. Furnia, Assistant,* for respondent.

*Hall, Cole & Lawrence, amicus curiae.*

WEAVER, C. J.—This is an action commenced by the attorney general in the name of the state of Washington (RCW 18.32.380) to enjoin defendant-appellant from engaging in the practice of dentistry, as defined by RCW 18.32.020 and RCW 18.32.030. The appellant is not and never has been licensed to practice dentistry. The practice of dentistry without a license is prohibited in this state by RCW 18.32-.090.

The trial court found (and no assignments of error are directed thereto) that appellant owned and operated a business in Spokane under the trade name of Cushion Dental Laboratory and Sales; that appellant took impressions and made artificial dentures for three individuals without written prescriptions or orders from a licensed dentist.

The judgment entered by the trial court is as follows:

"It Is HEREBY ORDERED, ADJUDGED AND DECREED that the defendant be and he hereby is permanently enjoined from practicing dentistry in the State of Washington without a valid license therefor, and *in particular* (1) the defendant

is hereby permanently enjoined from taking impressions of the teeth or jaws of any person, either by personally taking such impression, or by furnishing the materials to any person and then instructing or directing such person how to insert and manipulate them in his own mouth to take an impression of his teeth or jaws; and, (2) the defendant is hereby further permanently enjoined from making, *repairing*, *altering* or supplying *an artificial denture* to any person without having received therefor, from a licensed dentist, a written prescription, instruction or order for the making, *repairing or alteration* or furnishing of such denture for such person." (Italics ours.)

Appellant's four assignments of error are directed to the second part of the judgment that enjoins him from "repairing, altering or supplying an artificial denture to any person" without first having received a written prescription from a licensed dentist.

Appellant argues that the trial court did not find, as a fact, that he altered or repaired dentures without a prescription from a licensed dentist; therefore, the second part of the injunction is not supported by the record.

■ It is admitted in appellant's opening brief that the trial court was warranted in finding that appellant had practiced dentistry without a license, within the purview of the statute, when he took impressions and made artificial dentures without a prescription from a licensed dentist. This justified an injunction against appellant's "practicing dentistry in the State of Washington without a valid license therefor." RCW 18.32.380. Appellant does not assign error to this portion of the injunction.

RCW 18.32.020 provides:

"A person practices dentistry, within the meaning of this chapter, who . . . (5) professes to the public by any method to . . . reproduce, or *repair* any prosthetic denture, bridge, appliance, or other structure to be worn in the human mouth. . . ." (Italics ours.)

However, exempt from the definition of the practice of dentistry is

". . . The making, *repairing*, altering or supplying of artificial restorations . . . ; providing the same are

made, *repaired,* altered or supplied pursuant to the written instructions and order of a licensed dentist . . ." RCW 18.32.030. (Italics ours.)

■■■ An injunction against the practice of dentistry prohibits the performance of all dental procedures that are designated by statute as the practice of dentistry.

". . . The fallacy of defendant's contention lies in the assumption that the making and processing of prosthetics is not an integral part of the cumulative art of dentistry. The uncontradicted testimony reveals that in acquiring such skill, about one-fourth of the matriculant's attention at dental school is devoted to learning that technique. Without the knowledge obtained in this sub-area of the whole field, there would be no hope of graduation or of becoming a licensed dentist." *Lees v. Oster,* 8 Utah (2d) 141, 329 P. (2d) 648, 649 (1958).

■■■ The state is not required to seek as many injunctions against the same person as there are statutory dental procedures. In the instant case, the second portion of the injunction may be surplusage, but it does not place an additional burden on appellant.

The trial court found (it is really a conclusion of law):

"That the Dental Practice Act . . . which provides that a person practices dentistry . . . who makes, *repairs,* alters or supplies artificial dentures without the written prescription, instruction or order of a licensed dentist, and which prohibits persons other than licensed dentists from engaging in such activities, bears a reasonable relation to the public health and is a reasonable enactment in the exercise of the state's police power." ( Italics ours.)

Appellant contends that this interpretation is

". . . outside the scope of the police power and is void as a restraint under the Fourteenth Amendment to the United States Constitution, and under Article I, Section 3, of our State Constitution."

■■ We do not agree. In *State v. Boren,* 36 Wn. (2d) 522, 532, 219 P. (2d) 566, 20 A. L. R. (2d) 798, appeal dismissed 340 U. S. 881 (1950), this court held that it was a reasonable exercise of the police power for the legislature to provide that a person practices dentistry "who owns,

maintains or operates an office for the practice of dentistry." A fortiori, it is a reasonable exercise of the police power for the legislature to provide that a person practices dentistry who "professes to . . . repair any prosthetic denture . . . to be worn in the human mouth" (RCW 18.32.020), unless the denture is "repaired, altered or supplied pursuant to the written instructions and order of a licensed dentist . . . ." RCW 18.32.030.

"We believe the public interest demands assurance that the experienced and tested eyes and guiding hands of a licensed practitioner should control the use of prosthetics from manufacture to mastication, under familiar principles of agency and the police power, where authority and responsibility more nearly can contribute to the health and safety of the community." Lees v. Oster, 8 Utah (2d) 141, 329 P. (2d) 648, 649 (1958).

Appellant offers Berry v. Summers, 76 Ida. 446, 283 P. (2d) 1093 (1955), in support of his contentions. We concede, arguendo, that the Berry case holds a statute unconstitutional that requires a dental technician who repairs dentures to be a licensed dentist or to "return the appliance or denture to his employer dentist or to the dentist who issued the authorization." We are not persuaded by the logic or reasoning of the decision, and we do not espouse it. At least two jurisdictions have expressly refused to follow it and have held statutes to be constitutional that prohibit dental laboratory technicians from repairing dentures unless employed or directed by licensed dentists. Lees v. Oster, 8 Utah (2d) 141, 329 P. (2d) 648, 649 (1958); People ex rel. Chicago Dental Society v. A. A. A. Dental Laboratories, 8 Ill. (2d) 330, 134 N. E. (2d) 285, appeal dismissed 352 U. S. 863 (1956). The supreme court of Georgia reached the same conclusion in Holcomb v. Johnston, 213 Ga. 249, 98 S. E. (2d) 561 (1957).

The Utah court said in the Lees case:

" . . . The last mentioned Illinois case seems to be on all fours with ours, as is Holcomb v. Johnston, a Georgia case. We approve the language of both as being steeped in

good sense, reason and logic, and refer to both without any unnecessary repetition of their language here." (p. 650)

We agree; the judgment is affirmed.

HILL, DONWORTH, ROSELLINI, and OTT, JJ., concur.

---

June 29, 1959. Petition for rehearing denied.