21204.   HOLCOMB v. JOHNSTON *et al.*

CANDLER, Justice.   Charles L. Johnston and three other dentists obtained a decree in the Superior Court of Stephens County against Jack Holcomb, permanently enjoining him from practicing the profession of dentistry without a license, and such

decree was unanimously affirmed by this court on May 14, 1957. See *Holcomb v. Johnston*, 213 Ga. 249 (98 S. E. 2d 561). On December 3, 1959, the parties who had obtained such injunction filed a petition in the court which had granted it, and prayed that Holcomb be adjudged in contempt of the court for the commission of three separate acts alleged to be in violation of the decree, distinctly specifying such acts. Holcomb was personally served with a copy of their petition and with a rule nisi requiring him to show cause on January 12, 1960, why he should not be adjudged in contempt. He filed no response to the petition and made no appearance at the trial. After hearing petitioners' evidence, Judge Frankum adjudged him in contempt for the commission of each of the three alleged contemptuous acts, and ordered him to pay a fine of $200 and serve 20 days in jail for each separate act, the jail sentences to run consecutively. On June 24, 1960, Holcomb filed a motion to amend, revise, and modify the contempt judgment. His petition alleged in substance that he had paid the three money fines of $200 each, and was serving the prison sentence of 60 days in the common jail of Stephens County as imposed on him by the contempt judgment; that he was in need of hospital treatment; that further confinement in jail would impair his health; and that he and his wife had disposed of their property and were then in the process of moving out of Georgia. His petition also stated that it was addressed to the discretion of the judge only and was in no way a collateral attack on the validity of the contempt judgment. Because of his disqualification to hear and determine the petitioner's motion, Judge Smith, who had succeeded Judge Frankum, referred it to Judge Skelton of the Northern Judicial Circuit. Johnston and others, as the petitioners in the contempt proceeding, demurred to and moved to dismiss the movant's petition on the ground that its allegations were insufficient to state a cause of action for the relief sought or to show any legal reason why the contempt judgment of January 12, 1960, should be amended, revised, or modified. The petition was dismissed by the court and the movant excepted. *Held:*

As shown by our statement of the case, movant in the instant case petitioned the court to amend, revise, and modify a final judgment rendered against him in a criminal or punitive con-

tempt proceeding, where the maximum punishment prescribed by *Code Ann.* § 24-2615 (5) for such an act of contempt was imposed upon him. Since the petition alleged no facts or fact which would in law authorize or empower the court to alter a criminal or punitive contempt judgment which had, as in this case, become final, it necessarily follows that the trial judge did not err, as contended, in dismissing movant's petition. See *Kingsbery v. Ryan*, 92 Ga. 108 (2), 116 (17 S. E. 689). The authorities relied on by the plaintiff in error, which hold that the judge has discretionary power at any time to release from prison one who is confined under a contempt judgment, have no application to judgments having the character of the one here involved; they apply only to those contempt judgments where the imprisonment inflicted thereby is for an indefinite period of time, or until the person so imprisoned under such a judgment purges himself of the contempt. Those cases are predicated on the proposition that it is unjust and illegal to imprison indefinitely one who is unable to do the act which the court has ordered him to perform. In this connection, see *Cobb v. Black*, 34 Ga. 162; *Drakeford v. Adams*, 98 Ga. 722 (25 S. E. 833); and *Tindall v. Nisbet*, 113 Ga. 1114, 1136 (39 S. E. 450, 55 L. R. A. 225).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Thomas C. Burton, Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error.
*Paul M. Conaway, McClure, Ramsay & Struble,* contra.