369 P.2d 1010

Thomas L. BERRY, doing business as The Quality Repair Dental Lab and The Fit-Rite Denture Materials Sales Laboratory; George S. Snyder, doing business as the Fit-Rite Denture Material Sales Laboratory, Plaintiff-Appellants and Cross-Respondents,

v.

Earle E. KOEHLER, Commissioner of Law Enforcement, State of Idaho; Frank Benson, Attorney General of the State of Idaho; Edward Babcock, Prosecuting Attorney of Twin Falls County and William C. Roden, Prosecuting Attorney of Ada County, Defendants-Respondents and Cross-Appellants.

No. 8813.

Supreme Court of Idaho.

June 2, 1961.

On Rehearing March 23, 1962.

Elam & Burke and Vernon K. Smith, Boise, for appellants and cross-respondents.

Samuel Kaufman, Sp. Asst. Atty. Gen., for respondent and cross-appellants.

McFADDEN, Justice.

Plaintiffs, as appellants and cross-respondents (herein referred to as appellants), are the same individuals as the appellants in the case of Berry v. Summers, 76 Idaho 446, 283 P.2d 1093, which held unconstitutional the provisions of S.L.1953, Ch. 105, § 1. Defendants, respondents and cross-appellants (herein referred to as respondents), at the time of filing this appeal, were incumbents of their respective offices.

S.L.1957, Ch. 81, § 1, the subject of this action is as follows:

"Section 1. That Section 54–901 Idaho Code be, and the same is hereby amended to read as follows:

"54–901 Definition—Practice of Dentistry.—The practice of dentistry is the doing by one person, for a direct or indirect consideration, of one or more of the following

with respect to the teeth, gums, alveolar process, jaws, or adjacent tissues of another person, namely;

"Examining for diagnosis, treatment, extraction, repair, replacement, substitution, or correction;

"Diagnosing of disease, pain, injury, deficiency, deformity or physical condition;

"Treating, operating, prescribing, extracting, repairing, taking impressions, fitting, replacing, substituting, or correcting;

"Cleaning, polishing, or removing stains or concretions, or applying topical medication;

"Administering anaesthetics or medicaments in connection with any of the foregoing.

"*The doing of any of the foregoing acts with respect to dental prosthetic appliances which requires or necessitates the presence, aid, assistance or cooperation of the person intended to be the user or wearer of such dental prosthetic appliance is hereby specifically defined as practicing dentistry and is not mere mechanical work upon inert matter in a dental laboratory as the term is used hereafter in this act.*"

The emphasized portion of the section was added by S.L.1957, Ch. 81, § 1. Appellants by this action challenge the constitutionality of such added portion, claiming that, as applied to them, it violates the provisions of Article 1, § 13 of the Constitution of the State of Idaho, and of the Fourteenth Amendment of the Constitution of the United States, in that it transgresses their right to follow their chosen calling.

The trial court held, on the authority of Berry v. Summers, supra, that appellants had the right to; (1) reline denture plates; (2) repair broken denture plates; (3) replace artificial teeth in denture plates; (4) duplicate denture plates; (5) make transfers of false or artificial teeth, strictly within the methods outlined by appellants by their complaint, and that S.L.1957, Ch. 81, was void and unenforceable against them, insofar as it prohibited their performing such services as outlined, and particularly from doing "relines". The decree enjoined the appellants generally from examining into the mouth of the wearer of a prosthetic appliance, for purpose of diagnosis, treatment, repair or replacement, substitution or correction; from diagnosing or prescribing; from taking impressions; from fitting, adjusting or correcting dentures in the wearer's mouth; and from making new teeth using impression trays, or using wearer's old teeth for the tray in taking such impressions. Appellants were further enjoined from advertising their willingness or ability to do any of the matters thus enjoined.

Appellants assigned as error certain of the court's specific findings of fact to the

effect that the practices engaged in by the appellants in their business constituted the "practice of dentistry." They complain particularly of the court's refusal to hold the decision of Berry v. Summers, supra, res judicata as to the issues in this case. They also urge that the court erred in failing to declare S.L.1957, Ch. 81, unconstitutional, even though holding it unenforceable insofar as it affects appellants' right to provide services performed by them in the manner recognized in Berry v. Summers. Appellants' contentions and argument in support of their assignments of error depend upon the ultimate question of whether the act impinges basic and fundamental constitutional rights.

■ The Legislature, under the broad field of "police power", may enact laws concerning the health, welfare and morals of the people. This authority, resting with the legislature, is not subject to question by the courts, except to determine whether such authority has been exercised in an arbitrary or unreasonable manner, and whether it actually accomplishes some real purpose, State v. Finney, 65 Idaho 630, 150 P.2d 130. This concept has been appropriately stated by the Supreme Court of the United States in McLean v. State of Arkansas, 211 U.S. 539, 29 S.Ct. 206, 208, 53 L.Ed. 315, as follows:

"It is also true that the police power of the state is not unlimited, and is subject to judicial review; and when exerted in an arbitrary or oppressive manner, such laws may be annulled as violative of rights protected by the Constitution. While the courts can set aside legislative enactments upon this ground, the principles upon which such interference is warranted are as well settled as is the right of judicial interference itself.

"The legislature, being familiar with local conditions, is, primarily, the judge of the necessity of such enactments. The mere fact that a court may differ with the legislature in its views of public policy, or that judges may hold views inconsistent with the propriety of the legislation in question, affords no ground for judicial interference, unless the act in question is unmistakably and palpably in excess of legislative power * * *.

"If there existed a condition of affairs concerning which the legislature of the state, exercising its conceded right to enact laws for the protection of the health, safety, or welfare of the people, might pass the law, it must be sustained; if such action was arbitrary interference with the right to contract or carry on business, and having no just relation to the protection of the public within the scope of legislative power, the act must fail."

■ It is also incumbent upon this court in reviewing the constitutionality of legislative action to presume it to be constitutional unless its unconstitutionality is shown beyond all reasonable doubt. Bannock County v. Citizens' Bank & Trust Co., 53 Idaho 159, 22 P.2d 674; Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083.

■ The wisdom, justice, policy, or expediency of a statute are questions for the legislature alone. Saccamonno v. Great Northern Ry. Co., 30 Idaho 513, 166 P. 267; State ex rel. Capital Inv. Co. v. Lukens, 48 Idaho 357, 283 P. 527; 2 Cooley, Constitutional Limitations 1228. In passing on the constitutionality of an act, the courts may not inquire into either the wisdom or motive of the legislature. Wanke v. Ziebarth Const. Co., 69 Idaho 64, 202 P.2d 384. It is the duty of the courts to interpret the meaning of legislative enactments without regard to the possible results. State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328.

■ The courts almost universally recognize that the field of dentistry and its practice is directly related to the public health and welfare, and that the adoption of laws pertaining to it is within the province of the legislature. Ice v. State, Ind. 1959, 161 N.E.2d 171; Holcomb v. Johnston, 1957, 213 Ga. 249, 98 S.E.2d 561; Lasdon v. Hallihan, 1941, 377 Ill. 187, 36 N.E.2d 227; People ex rel. Chicago Dental Society v. A. A. A. Dental Laboratories, Inc., 1956, 8 Ill.2d 330, 134 N.E.2d 285; State ex rel. Zimmerer v. Clark, Iowa, 107 N.W.2d 726; see also Weill v. State, 1948, 250 Ala. 328, 34 So.2d 132, 138, where the court stated: "Citation of authority is not necessary to support the proposition that under the police power the legislature may impose such restrictions on the practice of dentistry as the protection of the public may require."

■ As appellants urge, not only must the legislature have authority, under the police power, to regulate the practice of dentistry, but also the legislation enacted must reasonably serve the public health, safety and morals. As is stated in Amsel v. Brooks, 1954, 141 Conn. 288, 106 A.2d 152, 156, 45 A.L.R.2d 1234, "The regulation and prohibition it imposes must have a rational relationship to the preservation and promotion of the public welfare." Though the 1957 act here involved amends I.C. § 54–901, the statutory definition of the term "practice of dentistry," the actual effect of the amendment is not to redefine "practice of dentistry", but to redefine "mechanical work upon inert matter in a dental laboratory," a statutory exception to the prohibition of practice of dentistry by persons not properly licensed. I.C. § 54–901 defines as the "practice of den-

tistry" in doing (inter alia) for a consideration, the following:

"Examining for diagnosis, treatment, extraction, repair, replacement, substitution, or correction;

"Diagnosing of disease, pain, injury, deficiency, deformity or physical condition;

"Treating, operating, prescribing, extracting, repairing, taking impressions, fitting, replacing, substituting, or correcting;

"Cleaning, polishing, or removing stains or concretions, or applying topical medication;"

with respect to another person's teeth, gums, etc., I.C. § 54–905 prohibits the practice of dentistry, or the holding of oneself out as being qualified to practice dentistry, by persons who are not dentists. I.C. § 54–930 excepts from this prohibition physicians, surgeons, dentists licensed in other states, instructors (all under prescribed conditions), and any person performing merely mechanical work upon inert matter in a dental laboratory. The 1957 amendment then proceeds to limit this exception to such of the above activities, in regard to dental prosthetic appliances, as do not require the presence, aid, assistance or cooperation of the user.

The questions to be answered are: First, what is the object of such legislation or the evil to be eliminated by it? And second, is there a direct, real and substantial relation between the legislation and the object to be attained? The object of such legislation is to prohibit one not specifically trained in the field of dentistry from in any way diagnosing or treating in the dental field, and to limit this field to those whom, by reason of the extensive training required for licensing, the legislature has deemed qualified under the standards established.

What is the relationship of the legislation to this object? By the amendment, the legislature has raised a wall to prevent any possibility or tendency on the part of dental technicians to prescribe for the user or prosthetic appliances, or to diagnose or treat in a field for which they have not been trained. The amendment further tends to avoid the possibility of an assumption by such user that he is getting anything more done for him than purely mechanical work on the appliance. In other words, the user would not likely assume that he was receiving diagnosis, prescription or treatment by one capable in those fields.

Also, the amendment is designed to prohibit technicians from obtaining the aid, assistance or cooperation of the user of a prosthetic appliance in performance of mechanical work upon it, thereby to lull the user, into the false sense of security

as to his dental health that reasonably could obtain if he actively participated with the technician under circumstances tending to approximate a doctor-patient situation.

■ Thus the view of this court is that the legislation here presented is within the power and authority of the legislature to adopt, and reasonably tends to secure to the public further protection from diagnosis, prescription or treatment by unqualified practitioners, as well as protection from any sense of false security likely to be induced in those users of prosthetic appliances who are served by dental technicians.

Appellants contend that this amendment violates substantial rights protected under the Federal Constitution, Amendment XIV, and Article 1, Section 13 of the Constitution of the State of Idaho, in depriving them of a valuable property right without due process of law. For this proposition they rely primarily upon the case of Bruhl v. State, 1928, 111 Tex.Cr.R. 233, 13 S.W. 2d 93, and Berry v. Summers, supra. Appellants urge that Berry v. Summers recognizes that the appellants engage in an independent calling separate and apart from that of the dental profession, and that this amendment in effect limits them in such calling to the point where they are denied the right to pursue their independent calling.

Berry v. Summers, supra, held unconstitutional the provisions of S.L.1953, Ch. 105, § 1, amending S.L.1949, Ch. 102, § 1. In that decision this court held that the 1953 amendment was an unreasonable regulation and not reasonably necessary for the protection of the public. The finding in the instant case, conversely, is that the 1957 amendment is not unreasonable. In the Summers case, this court further stated (76 Idaho 450, 283 P.2d 1095): "The legislature of this State, for thirty-four years last past, has recognized the independent calling of the dental mechanic or technician who performs mechanical work merely upon inert matter in a dental laboratory. The legislative recognition of such independent calling has become and is settled legislative policy, after so long a time". This case (Berry v. Summers, supra) must not be considered as more than a determination that the 1953 amendment was unconstitutional; it must not be deemed as establishing an independent calling of "dental technicians" entirely beyond legislative control; for this court in that case stated: "We do not infer that the legislature may not reasonably regulate such artisan calling, or reasonably regulate the dental mechanic or technician who desires to practice such artisanry in the future."

Cases that have recognized the auxiliary status of the dental technician are, State ex rel. Zimmerer v. Clark, supra; Lees v.

Oster, 1958, 8 Utah 2d 141, 329 P.2d 648; Weill v. State, supra; Lasdon v. Hallihan, supra; see, also, State v. Anderson, 1959, 54 Wash.2d 156, 338 P.2d 740; Shewmaker v. State, Okl.Cr.1958, 329 P.2d 858; Thrasher v. Board of Governors, Okl. 1961, 359 P.2d 717, cases discussing Berry v. Summers, supra.

Here, the dental mechanics or technicians are not prohibited by this amendment from pursuing their occupation, provided that the services to be performed on the appliance do not require or necessitate the presence, aid, assistance or co-operation of the wearer in the performing of such service. They may reline denture plates, repair broken denture plates, replace artificial teeth in denture plates, duplicate denture plates, and make transfers of false or artificial teeth, or any other of the mechanical services that they may desire to do, provided they do not violate the provisions of the instant act, which activities are coextensive with, and included within the purview of our holding in, Berry v. Summers, supra.

█ The present enactment being properly within the police powers of the state, the contention that it violates the due process clauses of the Federal and State constitutions, in depriving the appellants the right to pursue their trade, is without merit. Weill v. State, supra, Lees v. Oster, supra, Amsel v. Brooks, supra. "The right to follow * * * professions is one of the fundamental rights of citizenship. A person's business, profession, or occupation is property within the meaning of the constitutional provision as to due process of law, and is also included in the right to liberty and the pursuit of happiness. People v. Love, 298 Ill. 304, 131 N.E. 809, 16 A.L.R. 703. The right to pursue a lawful calling, business or profession cannot be arbitrarily taken away but where, as in this case, the legislature has the right to regulate the profession for the protection of society there is no loss of property or violation of the right to liberty and the pursuit of happiness." Lasdon v. Hallihan, supra, 36 N.E.2d at page 231.

This court recognized this rule. State ex rel. State Board of Medicine v. Smith, 81 Idaho 103, 110, 337 P.2d 938, 941, states: "A calling may not be prohibited unless it is inherently injurious to the public health, safety or morals, or unless it has a tendency in that direction." See, also, State v. Armstrong, 38 Idaho 493, 501, 225 P. 491, 493, 33 A.L.R. 835, which says: "A calling may not be prohibited by the Legislature unless (1) it is inherently injurious to the public health, safety or morals or (2) has a tendency in that direction. Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205." See, also, Semler v. Oregon State Bd of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79

L.Ed. 1086; Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623.

Bruhl v. State, supra, urged by appellants, was an appeal by the defendant from a conviction in a criminal action for practicing optometry without a license. The particular statute then involved made unlawful the sale of eyeglasses by a merchant by any method other than exhibiting the same in trays or containers. The defendant had provided an eyetesting device for the customer himself to use. The court held that spectacles were articles of commerce and might be kept for sale and sold as merchandise, and that the statute was arbitrary and thus exceeded the power of the legislature. This case is not persuasive here. See Roschen v. Ward, 279 U.S. 337, 49 S.Ct. 336, 73 L.Ed. 722; Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S 483, 75 S.Ct. 461, 99 L.Ed. 563.

■ The contention by appellants that the doctrine of res judicata is applicable here by reason of Berry v. Summers, supra, is without merit. This Court there considered the 1953 amendment (S.L. 1953, Ch. 105 § 1), and held it unconstitutional. The present action concerns the provisions of S.L. 1957, Ch. 81 § 1, amending the definition of "practice of dentistry." The previous case cannot be expanded to prohibit subsequent legislative action. The doctrine of res judicata is

not applicable where the law under which the first adjudication was obtained is different from that applicable to the second action. Wagner v. Baron, Fla.1953, 64 So. 2d 267, 37 A.L.R.2d 831; 30A, Am.Jur., Judgments, § 335, p. 380; 50 C.J.S. Judgments § 650, p. 95.

Respondents by their cross-appeal set out eighteen assignments of error. Generally they are directed to (a) the court's refusal to make specific findings that practices recognized in Berry v. Summers, supra, are contrary to the prohibition contained in the 1957 amendment; (b) the court's failure to find a relationship between public health and welfare and the amendment; (c) the court's failure to find any agency relationship between the appellants and proprietors of certain other dental laboratories; and (d) the court's holding that the 1957 amendment is void and unenforceable.

■ The main questions presented by the cross-appeal have already been answered by this opinion. However, the findings of the trial court regarding agency relationship between the appellants and proprietors of certain other dental laboratories are fully sustained by the record. While appellant Berry did authorize certain advertising for others to whom he had leased certain equipment, that is insufficient to establish either employee or

agency relationship. The trial court's findings in that regard are correct.

The judgment of the trial court is reversed insofar as it holds the provisions of S.L.1957, Ch. 81, void; it is affirmed insofar as it prohibits the appellants, their agents and employees from publicly advertising concerning those matters enjoined; the cause is remanded to the trial court with instructions to find, conclude, and enter its decree in conformity with the views as expressed herein.

No costs allowed. I.C. § 12–107, subd. 2.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.

## ON REHEARING.

McFADDEN, Justice.

■■■■■■ In Appellants' petition for rehearing it is contended that S.L.1957, Chapter 81 is void and unconstitutional as having an inadequate title as required by Idaho Constitution, Art. III, Sec. 16, which provides:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

Appellants' contention is based on the following statement in the foregoing opinion:

"Though the 1957 act here involved amends IC § 54–901, the statutory definition of the term 'practice of dentistry,' the actual effect of the amendment is not to redefine 'practice of dentistry', but to redefine 'mechanical work upon inert matter in a dental laboratory,' a statutory exception to the prohibition of practice of dentistry by persons not properly licensed."

The pertinent portion of the act and title reads:

"Chapter 81

AN ACT

"AMENDING SECTION 54–901 IDAHO CODE DEFINING THE PRACTICE OF DENTISTRY; AMENDING 54–909 IDAHO CODE RELATING TO THE TERM OF OFFICE OF DENTAL EXAMINERS; AND DECLARING AN EMERGENCY.

"Be It Enacted by the Legislature of the State of Idaho:

"Section 1. That Section 54–901 Idaho Code be, and the same is hereby, amended to read as follows: * * *."

This is an amendment to a previous act, and the title is sufficient, as it refers by number to the section being amended and is germane to the subject of the original act. State v. Jones, 9 Idaho 693, 75 P. 819; Settlers' Irrigation District v. Settlers' Canal Company, 14 Idaho 504, 94 P. 829; In re Edwards, 45 Idaho 676, 266 P. 665; First Security Bank of Idaho v. Fremont County, 55 Idaho 76, 37 P.2d 1101; State v. Taylor, 58 Idaho 656, 78 P.2d 125; Hammond et al. v. Bingham et al., 83 Idaho 314, 362 P.2d 1078. That the amendment also pertains to an exception to the general definition of the "practice of dentistry" is of no consequence for the legislators were fully advised by the title as to what was to be accomplished. Appellants' contention in this regard is without merit.

It is contended that the present opinion creates confusion in view of the language employed in Berry v. Summers, 76 Idaho 446, 283 P.2d 1093, insofar as that opinion permitted appellants to take impressions within, or fit relined dentures within the patient's mouth. No language can be found in that opinion to that effect.

The 1957 amendment recognizes the field of activity of the dental technician or mechanic in performing his services on prosthetic appliances, and in dealing directly with the user or wearer. However, this amendment, while again recognizing that the practice of dentistry must be done only by those whose training has qualified them to be admitted to practice the profession of dentistry, has limited the services of the technician or mechanic to work on prosthetic appliances which does not require the presence, aid, assistance or cooperation of the user. Such addition to the definition of what constitutes the practice of dentistry pertains to the presence, aid, assistance or cooperation of the user while performing the service on the prosthetic device itself. It cannot be said that it would prohibit the technician from conducting the normal business transactions with his customer or user of the appliance, or from prohibiting the technician from having the user try the device after the technician has serviced it and again having further services performed on it. It is the examining within the mouth, fitting within the mouth, or taking of impression within the mouth of the user that is proscribed by the 1957 Act.

The field of the dental technician or mechanic ever since 1907 has been recognized in this State as being limited to the performance of mechanical work upon inert matter. (See: S.L.1907, S.B. 36, Sec. 6, pg. 549; R.C. & C.L. Sec. 1360 wherein the practice of dentistry stated: "This act shall not be construed to prohibit an unlicensed person from performing mechanical work upon inert matter in a dental

**184**

office or laboratory * * *." This provision was repealed with other portions of the act of 1907, by S.L.1919, Ch. 60, (Chap. 91 C.S. § 2116 et seq.) which in defining dentistry did not contain the exception for dental technicians; S.L.1921, ch. 255, Sec. 11, amended C.S. § 2134 by again excluding "an unlicensed person from performing merely mechanical work upon inert matter in a dental laboratory" from the operation of the chapter dealing with practice of dentistry; I.C.A.1932, § 53–1321. This was the law until 1949, when S.L. 1949, Ch. 102 repealed the previous dental law, and the present law was adopted.)

The present enactment cannot be said to enlarge the field of practice of the dental technician or mechanic, and at no time have they been permitted to work upon, examine, diagnose, or prescribe, on living tissue of the patient.

The contention again urgently presented by appellants that all issues in this action became res adjudicata by the decision in Berry v. Summers, supra, has again been examined and found to be without merit.

The foregoing is added to the original opinion to which we adhere.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.